## In re RHODES.

(District Court, N. D. Ohio, E. D.   May 6, 1901.)

1. BANKRUPTCY—HOMESTEAD EXEMPTION — PRIOR ADJUDICATION BY STATE COURT.

Where the right of a bankrupt to a homestead exemption has been adjudicated by a state court in proceedings under a general assignment made in accordance with the state laws, after a contest by creditors, and before the court of bankruptcy acquired jurisdiction by the filing of the petition therein, such adjudication cannot be reviewed or set aside in the bankruptcy proceedings.

2. SAME—DIVORCED HUSBAND—OHIO STATUTE.

Under the laws of Ohio, giving to the head of a family a right of homestead exemption not exceeding $1,000 in value, a divorced husband, living on such a homestead with a minor child, for whose maintenance he is responsible, is entitled to hold the same as exempt on becoming a bankrupt.

In Bankruptcy.   On review of decision of referee.

N. O. Bostwick, for bankrupt.

Metcalf & King, for opposing creditors.

WING, District Judge.   On the 8th day of February, 1898, the bankrupt, Merton S. Rhodes, made a general assignment for the benefit of creditors, under the insolvency laws of the state of Ohio. In the probate court having jurisdiction of this assignment appraisers were appointed, and on the 28th of February, 1898, set off to the bankrupt the land now claimed by him as a homestead, valued at $1,000.   Objection was made to this allowance of a homestead to the assignor, and hearing was had before the probate court upon such objection.   The adjudication of the probate court upon this hearing, made on April 16, 1898, was in favor of the allowance of a homestead.   After this time, to wit, on October 21, 1899, the bankrupt filed his voluntary petition in bankruptcy, and there was set off to him, as shown by the report of the trustee, the same homestead which had been allowed to him by the judgment of the probate court.   Exceptions were filed by the creditors to the setting off of this homestead in the report of the trustee, because, as stated, "the bankrupt is not, and was not at the filing of his petition in bankruptcy, or at the time said property was set off to him as exempt, a widower, or a husband living together with his wife."   Both at the time of the action of the probate court, and at the time of the report of the trustee, the bankrupt was a divorced man, living upon the premises set off to him as a homestead with a minor son of about the age of 7 years, for whose support the bankrupt was responsible. There appears to have been no alteration in the status of the bankrupt between the time of the action of the probate court and the action of the trustee complained of.   The referee has decided that the bankrupt is not entitled to the homestead, for the reason that he is neither a widower living with a minor child, nor a husband living with his wife.

I hold that the referee was wrong in this, and that the bankrupt is entitled to the homestead set off to him by the trustee for the reasons:

First. That by the action of the probate court his rights with respect to a homestead had been fully adjudicated under the laws of Ohio before the jurisdiction of this court attached, and that it is not the province of this court, in proceedings in bankruptcy, to review or to set aside judgments of the state court with respect to the bankrupt's property, otherwise than for collusion and fraud. The making of an assignment by Rhodes, in and of itself, did not give jurisdiction to the court of bankruptcy. The bankrupt act specifies as one of the acts of bankruptcy a general assignment for the benefit of creditors, but the filing of a petition alleging such act is the beginning of the jurisdiction in this court. If the property of the insolvent had been sold under the orders of the probate court, it would not be claimed that such sale could be set aside by the court of bankruptcy, which had acquired jurisdiction, after the sale had been accomplished. By a parity of reasoning, this court cannot interfere with an adjudication of the probate court with respect to the right of the insolvent to hold his homestead exempt.

Second. Following the very able opinion of Haynes, J., in Weber v. Beier, 14 Ohio Cir. Ct. R. 277, I am of the opinion that the head of a family, in Ohio, is entitled to a homestead, and that a husband or wife, responsible for the maintenance or support of a minor child or children born in wedlock, living upon a homestead with such child or children, is entitled to hold that homestead exempt from sale for debt, provided such homestead shall not exceed in value $1,000. The ruling of the referee with respect to the exceptions to the allowance of a horse, wagon, and harness is sustained. The rulings with respect to the disallowance of a homestead to the bankrupt are overruled, and it is ordered that the allowance of the homestead, reported by the trustee, shall be made. An order may be entered accordingly.