## In re GILES.

(Circuit Court of Appeals, Sixth Circuit. January 16, 1908.)

No. 1,708.

BANKRUPTCY—EXEMPTION—HOMESTEAD—"UNMARRIED FEMALE."

Rev. St. Ohio 1906, § 5441, authorizes an allowance in lieu of a homestead to a widow, or to an unmarried female, having in good faith the care, maintenance, and custody of any minor child or children of a deceased relative, resident of Ohio, and not the owner of a homestead. *Held* that, since under the decisions of Ohio, the words "having in good faith the care, maintenance and custody of any minor child or children of a deceased relative" qualified the word "widow" as well as the words "unmarried female," where a bankrupt was a divorced woman, who supported her two minor children, she was entitled to an exemption in lieu of homestead, as an "unmarried female" having the custody, etc., though she might not be regarded as a widow.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 8, pp. 7196, 7197.]

Petition for Revision of Proceedings of the District Court of the United States for the District of Ohio, in Bankruptcy.

Stanley Matthews, for petitioner.

Alfred J. Croll, for appellants.

Carl H. Beckham, for respondent.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge. On June 23, 1906, Ella E. Giles was adjudged a bankrupt upon her own petition, and on June 30, 1906, the trustee allowed her household goods of the value of $100, as exempt under section 5430, Rev. St. Ohio 1906, and a lot in Toledo, Ohio, of the value of $400, as exempt under section 5441, Rev. St. Ohio 1906, in lieu of a homestead. At the time the petition was filed, the bankrupt was living in Toledo with her two minor sons of the ages of 17 and 19 years, respectively, and was supporting them. Prior to February 20, 1906, she was the wife of one Thomas A. Giles, who on that day procured a divorce from her, and she has not since been remarried. The referee overruled the exception of the creditors to the allowance by the trustee, under section 5430, Rev. St. Ohio 1906, of the household goods of the value of $100, and sustained the exception to the allowance of the real estate of the value of $400, in lieu of a homestead, under section 5441, Rev. St. Ohio 1906. The latter exemption was disallowed on the ground that the bankrupt was not a "widow," and was not an "unmarried female having in good faith the care, maintenance and custody of any minor child or children of a deceased relative, resident of Ohio, and not the owner of a homestead" as required by section 5441, Rev. St. Ohio 1906. The question thus raised, as to the proper construction of section 5441, Rev. St. Ohio 1906, was certified to the judge below for his opinion; and he held that the referee was not justified in disallowing the exemption of the real estate in Toledo claimed by the bankrupt in lieu of a homestead. This order is now here for review.

When the case was presented to us, after an examination and consideration of the pertinent statutes of Ohio and certain applicable decisions, particularly those of Judge Haynes in Weber v. Beier, 7 O. C. D. 381, and of Judge Wing in the Matter of Rhodes, Bankrupt (D. C.) 109 Fed. 117, we reached the provisional conclusion that the court below was right in allowing the exemption, but since then our attention has been called to the case of Brown v. Parham, 25 Ohio Cir. Ct. R. 640, affirmed by the Supreme Court of Ohio in 71 Ohio St. 516, 74 N. E. 1132. In this case, it was held that the words "having in good faith the care, maintenance and custody of any minor child or children of a deceased relative" qualified the word "widow" as well as the words "unmarried female," and a widow not having the care of such children cannot hold property exempt under section 5441, Rev. St. Ohio 1906. This decision was affirmed by the Supreme Court of Ohio without opinion, and we were at first inclined to the view that our obligation to follow the construction placed by the highest court of Ohio on its laws compelled us to follow a decision which closed the question raised in this court against the bankrupt, who is a di-

vorced woman, but, although the question may be a narrow one, we are now disposed to think that the case of Brown v. Parham may be distinguished, and under its facts does not furnish a rule for the construction of section 5441, Rev. St. Ohio 1906, that covers the ground and is controlling.

It does not appear that the cases of Weber v. Beier and In the Matter of Rhodes have been overruled or qualified. And therefore, to a limited extent, each may serve as authority. In the Beier Case, an exemption in lieu of a homestead was claimed under section 5441, Rev. St. Ohio 1906. Beier, when a widower with minor children, married a widow with minor children of her own. His second wife left him and after a suit secured alimony. Afterwards, Beier and his wife lived apart, he with his children, and she with hers. The Ohio circuit court, Judge Haynes delivering the opinion, took the broad view that Beier was the head of a family, and therefore entitled to the exemption in lieu of a homestead, although the language of section 5441, Rev. St. Ohio 1906, was not precisely applicable, since he and his wife did not live together, and he was not "a widower with an unmarried daughter or minor son." In the Matter of Rhodes, Rhodes was a divorced man, with a minor son, living on premises which, before the divorce, had been set off to him as a homestead. Judge Wing held, following the Beier Case, that he was entitled under section 5441, Rev. St. Ohio 1906, as the head of a family, to an exemption in lieu of a homestead, although the words of the statute did not accurately apply to him. In both these cases, the judges held that it was the spirit and not the letter of the law which should control, Judge Haynes saying in the Beier Case, 7 O. C. D. 386:

"We think that where a man is living with his minor children, or a woman is living with her minor children in the homestead, that she should be entitled to a homestead, or that he should be entitled to a homestead, the same as if husband and wife were living together and occupying the homestead. In various decisions in this state it has been held that a liberal construction should be given to this act for the benefit of the families of the debtors."

To return to the case of Brown v. Parham, 25 Ohio Cir. Ct. R. 640, in which it was held that a widow, who was not the owner of a homestead, and who had not "in good faith the care, maintenance and custody of any minor child or children of a deceased relative, "was not entitled to hold property exempt in lieu of a homestead under section 5441, Rev. St. Ohio 1906, we are unable, in the first place, to perceive any distinction between "an unmarried female" and a divorced woman, as the bankrupt in this case is. Both are unmarried females. In the next place, looking to the reason of the law, we cannot perceive any just distinction between the minor children of a deceased relative, which it may be the duty of an unmarried female to support, and for which she can claim a homestead, and the minor children of an unmarried female who happens to be a divorced woman. No reason has been suggested or can be given why a divorced woman who cares for her own minor children should be deprived of an exemption in lieu of a homestead, which is clearly, under the precise terms of the statute, granted to an unmarried female, who cares for the minor children of a deceased relative. To carry the matter a little farther, and

put the case somewhat stronger, it is quite impossible for any intelligent mind to explain why the exemption in lieu of a homestead should be granted to a divorced woman if the children she is supporting are those of a deceased relative, and yet refused if such children are her own.

To sum up, the case of Brown v. Parham puts the widow on the same footing as an unmarried female. Now, if a divorced woman is not to be regarded as a widow, then she is, within the meaning of the statute, to be treated as an unmarried female. Under the statute as construed by the court an unmarried female, who has the care of the minor children of a deceased relative, may hold exempt certain property in lieu of a homestead, and, by parity of reason, a divorced woman, who has the care of her own minor children, is entitled to a like exemption.

The judgment of the court below is affirmed.