TROUTMAN, APPELLEE, *v.* EICHAR ET AL.; EICHAR, APPELLANT.

(Decided May 24, 1940.)

*Mr. Henry Critchfield,* for appellee.
*Messrs. Starn & Etling,* for appellant.
*Messrs. Funk & Funk,* for Commercial Banking & Trust Company.

DOYLE, J. On the 12th day of December, 1939, an action was brought in the Court of Common Pleas of Wayne county on a cognovit note by Lula Troutman, plaintiff, in which a judgment was rendered against the defendant Ora Eichar. On this same day, execution was issued and returned unsatisfied, and a proceeding in aid of execution was filed.

On the following day—December 13, 1939—a garnishee notice was served upon three Wayne county banks, in which the banks were "enjoined and restrained from transferring or in any way disposing" of any property, money, or credits of the defendant Ora Eichar, until further notice. The notice further set December 16, 1939, as the day for the hearing on the aid proceeding. The hearing was subsequently continued to December 18, 1939.

In compliance with the instructions of the court, counsel for the plaintiff notified, under date of December 12, 1939, by registered mail, the defendant, Ora Eichar, of the taking of the judgment, the filing of the proceedings in aid of execution against the three banks, and the time set for the hearing of the same.

On the 14th day of December, 1939, the defendant Ora Eichar, after receiving the aforesaid notice of the proceedings, and upon the recommendation of her counsel, presented herself at the Commercial Banking and Trust Company, one of the banks named in the restraining order, and asked to withdraw $800 from a savings account which she had in the bank in the total amount of $1,010.47. One of the employees of the bank, apparently without information of the restraining order, paid her the amount requested.

On this same day, out of the money withdrawn, the defendant purchased U. S. Savings bonds. She paid $500 for one bond, made payable to herself; and $262.50 for two bonds, which were issued in the respective names of her two minor sons. The balance of $37.50 she paid to her attorneys as a fee. She likewise delivered all of the bonds to her counsel for custody.

The cause came on for hearing on the 18th day of December, 1939, at which time counsel for the defendant Ora Eichar made demand for an allowance to her, in lieu of homestead, in the amount of $500.

After a hearing, the court denied the allowance, and entered the following order and judgment: that "the

Commercial Banking and Trust Company pay to said judgment creditor the sum of $247.97, and that the said defendant, * * * Ora Eichar, secure the cash money which she invested in said bonds, in accordance with the regulations of the Federal Postal Savings, and pay the same, to wit, $762.50, to the plaintiff judgment creditor within a period of thirty days; to all of which the plaintiff, the said defendant, * * * Ora Eichar, and the Commercial Banking and Trust Company, except. Costs to be paid by judgment creditors out of the funds."

From that judgment, appeal has been perfected to this court on questions of law by the defendant Ora Eichar.

Section 11738, General Code, allows a widow who has in good faith the care, maintenance and custody of a minor child, and who is not the owner of a homestead, to hold exempt from levy and sale, real or personal property, to be selected by her or her attorney, before sale, not exceeding $500 in value, in addition to the amount of chattel property otherwise by law exempted. The Code section further provides that such selection shall not be made, nor allowed to her, from money, salary or wages due to her from any person, partnership or corporation.

This section of the Code has been construed so as to preclude one within the class named from claiming, as exempt in lieu of a homestead, money on deposit in a bank. This on the theory that the relation of debtor and creditor exists between the bank and a depositor, and therefore money on deposit is money due the depositor from a corporation. *Morris Plan Bank v. Viona et al.*, 122 Ohio St., 28, 170 N. E., 650.

It is therefore apparent that, had the bank refused to honor her request for withdrawal, no part of the money on deposit would have been exempt under the statute and the decisions.

As noted heretofore, the judgment debtor (who was

a widow with minor children and came within the class specified in the statute) had on deposit in her name, money in one of the banks named. After learning of the institution of the proceedings in aid of execution, she withdrew part of her money from one of the banks which had been enjoined by order of the court. No order, however, had been made upon her, nor had she received any notification of the judgment entered against her or of any other proceedings, except as contained in the letter mailed to her by counsel for the plaintiff.

This state has consistently adhered to a policy pronounced almost eighty years ago in respect to homestead exemptions:

"The humane policy of the homestead act * * * seeks not the protection of the debtor; but its object is to protect his *family,* from the inhumanity which would deprive its dependent members of a *home.* Its benefits can only be claimed by *heads of families;* married persons living together as husband and wife; and widowers or widows having an unmarried minor child, or children residing with them as part of their family * * *. And, in aid of this wise and humane policy, the whole act should receive as liberal a construction, as can be fairly given to it." *Sears et al.* v. *Hanks et al.,* 14 Ohio St., 298, at pages 300 and 301, 84 Am. Dec., 378.

A homestead exemption or an exemption in lieu of homestead under the Ohio law, is not a personal privilege of the debtor, but is for the benefit of his family and the public generally. And, as stated by Judge Westenhaver in *In re Hewit,* 244 F., 245, is "in part for the protection of the public who might otherwise be burdened with the partial support of an insolvent debtor's family."

The exemption statute under consideration has undergone many important changes in the years following its original enactment. And it appears that the

statute as amended from its original form has had incorporated into it a limitation or restriction upon a right of exemption theretofore existing. The restriction as it exists under the present statute (Section 11738, General Code) is a restriction which denies the debtor the right to claim as exempt "money, salary or wages due to him from any person, partnership or corporation"; a passenger automobile; and personal property "from execution on a judgment rendered for the purchase price or any part thereof."

It has been uniformly held by this court and other courts of this state that exemption laws are to be liberally construed in favor of the judgment debtor. By the same process of reasoning, we conclude that the exceptions to a statutory exemption right are to be strictly construed against the judgment creditor.

Under the circumstances of this case, whatever may have been the debtor's moral obligation, she was under no legal restraint when she withdrew $800 from her account in the bank. The relation of debtor and creditor existed in spite of the restraining order issued against the bank, and she was entitled to receive her money if the bank was willing to give it. No order had been made directly against her, and as between the bank and herself the bank owed her the money. Certainly the bank cannot now be heard to complain when through its own negligence it violated the order of the court.

The bank claims that the money was fraudulently withdrawn by the debtor.

Assuming, for the purpose of discussion, that her acts in withdrawing the money constituted fraud upon the bank, it is difficult to see how that fact in and of itself would deprive her of the exemption claimed, because, as heretofore stated, the exemption is not a personal privilege to the debtor, but is for the benefit of the family and the public as well, and certainly no fraud was perpetrated by these beneficiaries.

The money withdrawn was, almost in its entirety, invested in government bonds. As to those issued in the name of the sons, there was no consideration between the mother and the sons. The *only evidence* on this point is the following testimony of the judgment debtor: "Well, I put some money in the names of the boys, in bonds."

The entire transaction, as shown by the record and the inferences to be drawn therefrom, justifies the conclusion that the judgment debtor, who had full knowledge of the facts, except the actual issuance of the temporary restraining order, attempted to place her property beyond the reach of the court and the judgment creditor. While such conduct should not deprive her of her exemptions, it is of such a character as to render ineffectual her attempt to divest herself of her property so as to place it beyond the reach of her creditors.

It is our conclusion that, under the circumstances, these bonds, although issued in the respective names of the boys, are in fact the property of the judgment debtor and held by the boys in trust for her. See *Wilson* v. *Columbia Casualty Co.*, 118 Ohio St., 319, 160 N. E., 906.

As to the $500 bond issued in the name of the judgment debtor, it is suggested that, inasmuch as it represents an obligation of the United States Government to pay money to the judgment debtor, it represents money due the judgment debtor from a "person, partnership or corporation," and therefore comes within the exceptions to the exemption.

Such a view we believe not to be tenable.

"The United States is a government, and, consequently, a body politic and corporate, capable of attaining the objects for which it was created, by the means which are necessary for their attainment." Justice Marshall in *United States* v. *Maurice,* Fed. Cas. No. 15747.

It must be conceded that the government is a corpora-tion in its most extensive signification. Likewise the word "person" as used in a statute may occasionally be construed as meaning the United States, when such meaning is clearly called for by the connection in which the word "person" is used. See *Ohio* v. *Helvering, Commr. of Internal Revenue,* 292 U. S., 360, 78 L. Ed., 1307, 54 S. Ct., 725.

However, the principle is fundamental that, in construing the meaning of a statute, words are to be taken in their ordinary sense, unless, from a consideration of the whole act, it appears that a different meaning was intended.

The words "person or corporation" do not in their ordinary signification mean a sovereign government. And in giving a liberal construction to the exemption statutes in favor of the exemption claimant, we find no ground to justify an extension of the ordinary meaning of the words used.

Epitomizing our conclusions, we determine that the judgment debtor, Eichar, is entitled to hold exempt, in lieu of homestead, the $500 bond which was issued in her name; that the court should have ordered the judgment debtor to pay upon the judgment the amount of money invested in the bonds held in trust for her in the names of her sons; that the court properly ordered the bank to pay the balance in the account to the judgment creditor; and that the court's order that the "defendant * * * secure the cash money which she invested in said bonds * * * and pay the same, to wit, $762.50, to the plaintiff judgment creditor," is error prejudicial to the rights of the judgment debtor.

Therefore, that part of the judgment denying to the appellant her statutory exemption is reversed; and this court, proceeding to enter the judgment which the trial court should have entered, orders that her statutory exemption of $500 be allowed out of the bond standing in her name; and that portion of the judg-

ment ordering her to "secure the cash money" which she invested in bonds issued to her sons and pay the same to the judgment creditor, as well as the order upon the bank to pay the balance in her bank account to the judgment creditor, is affirmed.

*Judgment affirmed in part and reversed in part.*

WASHBURN, P. J., concurs.

STEVENS, J., concurring in part and dissenting in part: I concur in that part of the court's conclusion which finds that Ora Eichar, under the circumstances here disclosed, is entitled to her statutory exemption.

I am of the opinion that this record shows gifts to Charles and Clarence Eichar, in the amounts of the bonds standing in their respective names. Acceptance thereof would be presumed, because the gifts were beneficial.

It must be remembered that this is not an action to set aside a transfer made with intent to hinder, delay or defraud creditors. I dissent from that part of the conclusion of this court which, in this proceeding in aid of execution, orders payment to the judgment creditor of the amount received for the bonds standing in the names of Charles and Clarence Eichar.

In my opinion, the entire judgment of the Court of Common Pleas should be reversed.