**In the Matter of Calvin Clay PERRY, Bankrupt.**

**No. B63-398.**

United States District Court
N. D. Ohio, E. D.
Sept. 27, 1963.

See publication Words and Phrases for other judicial constructions and definitions.

———◆———

James R. Corley, Mansfield, Ohio, for bankrupt.

Joseph H. Ellison, Mansfield, Ohio, for trustee and referee.

JONES, District Judge.

This is a petition for review filed by Calvin Clay Perry who was adjudicated a bankrupt on January 24, 1963. His schedules showed he owned no homestead. Listed as an asset under Schedule E-2 was an income tax refund for 1962 in the sum of $387.00.

The precise question presented here is whether a bankrupt may claim as exempt property a Federal income tax refund in lieu of homestead under Ohio Revised Code, § 2329.81.

■ It is uniformly held that the purpose of an exemption statute is not for the personal privilege of the debtor but for the benefit of his family who may

be destitute and the public who might otherwise be burdened with the support of an insolvent debtor's family. The social policy is to have the burden fall on the creditor rather than on the debtor's family or on the public. O.R.C. § 2329.81 confers an absolute right to an exemption not exceeding $500. in value where the debtor is not the owner of a homestead. One exception is that a debtor may not select an exemption "from money, salary, or wages due to him from any person, partnership, or corporation".

Since this statutory provision is an exception to the statutory exemption right, it must be strictly construed against the judgment creditor.

Whether a debtor could claim as an exemption a debt owed to him by the United States Government was decided in Troutman v. Eichar, 64 Ohio App. 415, 28 N.E.2d 953 (1940) where the Court held, in Syllabus 4:

"The United States Government is not a 'person * * * or corporation' within the purview of the exceptions to the exemption statute (Section 11738, General Code), which provides in part that such 'selection and exemption shall not be made * * * from money, salary or wages due to him from any person, partnership or corporation'."

This case was followed by this Court in In re Walker, 94 F.Supp. 49 (D.C. 1950), where it was held that proceeds paid to a bankrupt from his veteran's life insurance policy were exempt.

These two cases both held that "person" or "corporation" does not mean or include a sovereign government.

Since the law of Ohio is settled on this matter, I find that a tax refund, being a debt due from the United States, does not come within the exception in the exemption statute, and therefore may be claimed as an exemption by the bankrupt pursuant to the provisions of O. R.C. § 2329.81.

Consequently, the order of the Referee approving the Trustee's report of exemptions is overruled, and the petitioner's objections to the Trustee's report of exemption is approved.

It follows that the income tax refund for 1962 in the sum of $387.00 may be claimed as an exemption by the bankrupt.