**In the Matter of Lester JOHNSON, Bankrupt.**

**No. 34419.**

United States District Court
S. D. Ohio, W. D.

May 28, 1964.

---

David Johnson, Cincinnati, Ohio, for bankrupt.

William R. Schumacher, Cincinnati, Ohio, for trustee.

JOHN W. PECK, District Judge.

The bankrupt herein overpaid his federal income tax for the year prior to adjudication, and upon application of the trustee the bankrupt was ordered by the referee to turn over the amount of the refund to the trustee. Bankrupt petitioned the referee, and the matter is before this Court on the referee's certificate for review.

Bankrupt contends exemption of this sum in lieu of homestead under provision of Ohio Revised Code, § 2329.81 which has application under Section 6 of the Bankruptcy Act (11 U.S.C. § 24). That Ohio statute provides that a qualifying bankrupt may exempt up to $500 worth of personal property in lieu of homestead, but further provides that "money, salary, or wages due to him from any person, partnership, or corporation" cannot be selected as such exemption. The partial exemption of wages is the subject of another provision of the code. See O.R.C. § 2329.66.

The heart of the present vexatious question concerns the nature of the government's obligation, and the record establishes that the fund was created by monies withheld from bankrupt's wages by his employer pending the final determination of the taxes actually due for the year in question. While in common parlance the phrase "tax" refund has come into widespread usage, the fact re-

mains that the sum held by the government prior to determination is not "tax" money. It is in effect an amount held in escrow by the government to be applied against such tax obligation as may be found to exist, and we must. here decide the status of the sum so held.

■ It can be argued that until the tax obligation is established the money in the possession of the taxing authority is nothing more nor less than wages due to the bankrupt. However, it is a fiction to pretend that money owed to an employee by a third party is "wages" when the employer has made full payment of its obligation. As required by law, the employer paid a portion of the bankrupt's wages direct to him and a portion to the taxing authority under the withholding provisions, and by making these two payments discharged itself of its entire obligation. In such circumstances, we conclude that the sum in possession of the Internal Revenue Service cannot be considered "wages" within the meaning of Section 2329.81, Ohio Revised Code. On the contrary, in legal effect the sum in question was being withheld from the bankrupt pending determination of the extent of a creditor's rights.

■■ The character of the fund as something other than wages due from an employer having been determined, it becomes necessary to decide whether the sum is due to bankrupt from "any person, partnership, or corporation," within the meaning of the Ohio statute. Relying on the decisions in Troutman v. Eichar, 64 Ohio App. 415, 28 N.E.2d 953 (1940) and In re Walker, 94 F.Supp. 49 (N.D.Ohio 1950), Judge Jones of the District Court for the Northwestern District of Ohio, Eastern Division, in Bankruptcy No. B63–398 concluded that as used in the Ohio statute " 'person' or 'corporation' does not mean or include a sovereign government." In re Perry, 225 F.Supp. 481 (N.D.Ohio 1963). In the Perry opinion Judge Jones then proceeded to say,

"Since the law of Ohio is settled on this matter, I find that a tax refund, being a debt due from the United States, does not come within the exception in the exemption statute, and therefore may be claimed as an exemption by the bankrupt pursuant to the provisions of O.R.C. 2329.-81."

We agree with the conclusion reached by Judge Jones, and accordingly here hold that the sum presently due to bankrupt as a result of monies withheld from his wages constitute an exemptible portion of bankrupt's estate, and it accordingly follows that the Order of the Referee of January 21st, 1964, should be and it is hereby reversed, and the matter is remanded to the Referee for further proceedings consistent herewith.