In re WILLIAMS, BANKRUPT.

(Bankruptcy No. B74-124—Decided May 13, 1975.)

United States District Court, Northern District of Ohio, Eastern Division.

*Mr. Myron E. Wasserman*, trustee, for the estate.
*Mr, Allen E. Spike*, for the bankrupt.

PATCHAN, J. This matter involves the construction of one of Ohio's debtor exemption statutes. The question for the Court is whether the bankrupt qualifies to claim exemptions allowed under R. C. 2329.81. Exemptions under that statute are available to certain debtors who do not own a family homestead.

The facts are not in dispute. The bankrupt is a resident of this state, not the owner of a homestead. He is divorced from his wife, living with and supporting his minor children. At bankruptcy, $495.00 was due him as a tax refund. That sum was withheld from bankrupt's wages prior to his filing bankruptcy.

The trustee claims the refund as property of the estate. The bankrupt, however, has selected the entire tax refund for exemption under R. C. 2329.81. It is the trustee's position that the bankrupt, as a divorced man living with his children, is not among the class of persons specified within the statute.

I.

Income tax refunds, due at bankruptcy, have been considered sufficiently rooted in the pre-bankruptcy past to be defined as property of the bankrupt's estate. The refund can thereby pass to the trustee under §70a(5) of the Bankruptcy Act. *Kokoszka* v. *Belford* (1974), 417 U. S. 642, citing *Segal* v. *Rochelle* (1966), 382 U. S. 375, 86 S. Ct. 511.

However, a bankrupt's property will not go to the trustee if it is exempt by federal or state laws. §70a, 6, Bankruptcy Act.

In Ohio, exemptions allowed under R. C. 2329.81 may be asserted in regard to income tax refunds. *In re Perry*

(N. D.. Ohio E. D. 1963), 225 F. Supp. 481; *Troutman* v. *Eichar* (1940), 64 Ohio App. 415.

Accordingly, if the bankrupt fits within one of the classes of persons cited in R. C. 2329.81, the property claimed by the trustee would not be vested in him and thereby remain with the bankrupt.

The pertinent part of R. C. 2329.81 states:

"Husband and wife living together, a widower living with an unmarried daughter or minor son, every widow, and every unmarried female having in good faith the care, maintenance, and custody of a minor child of a deceased relative, resident of this state, and not the owner of a homestead, in lieu thereof may hold exempt from levy and sale real or personal property * * * not exceeding five hundred dollars in value * * *."

The language the state legislature used in specifying the four classes of persons entitled to claim the above exemption is plain. As a divorced man with his own children, the bankrupt does not appear to be specifically written into any of the classes.

In construing a statute, the policy of the statute and the will of the legislature must be considered. *Brown* v. *Duchesne* (1856), 60 U. S. 183. In particular, exemption statutes are to be liberally construed. The Court must inquire "as to the object for which the law is framed: and that construction must be adopted which will promote its purpose." *Dennis* v. *Smith* (1932), 125 Ohio St. 120, 124.

Exemption laws have as their underlying policy "that the debtor not be left destitute and have a basis for re-. habilitation." . Report of the Commission on the Bankruptcy Laws of the United States, July 1973, Part I, p. 172. Exemption laws involving the maintenance of a home for a family unit are purposed "not for the benefit of the debtor, but for the protection of his family, and in part for the protection of the public who might otherwise be burdened with the partial support of the insolvent debtor's family." *In re Hewit* (N. D. Ohio E. D. 1917), 244 F. 245, 247.

The statute here is keyed to the protection of the

family unit. Except for the singular classification of "widow" in the statute, persons specified in the statute are obliged to support others in their family.

The statute, however, clearly discriminates among certain persons in its designed selection of the particular heads of the family units specified. Such discrimination is proper where there is a reasonable distinction or difference in state policy. *Kahn* v. *Shevin* (1974), 416 U. S. 351.

When we look to the reason for the exemption law now before this Court, it seems apparent there is no distinction or difference in state policy to support the distinctions made among the heads of the family units to be served by the statute. The purpose of the law is to preserve from creditors a modicum of assets for a family where there is not the ownership of the homestead in which the family resides. That purpose is the same irrespective of the gender of the head of the family unit. This statute thereby fails the test provided in *Kahn* v. *Shevin, supra*, where it limits its benefits to a widow and not a widower, or an unmarried female and not an unmarried male. A person should not be denied the benefits of the statute only because of his sex. *Frontiero* v. *Richardson* (1973), 411 U. S. 677. The bankrupt will not be denied the exemption on the basis solely that he is male. But there are additional criteria.

The bankrupt, as a divorced man supporting his children, if he fits at all into any of the classes of persons named in the statute, can only be within one: "* * * unmarried female [and now 'male'] having in good faith the care, maintenance, and custody of a minor child of a deceased relative." R. C. 2329.81.

## II.

In 1908, the Sixth Circuit Court in *In re Giles*, 158 F. 596, considered the same exemption statute* and the same classification. The question then before the Court was whether a divorced woman caring for her own children could claim the exemption.

The *Giles* Court stated, at page 598 of its opinion:

---

*The exemption amount in 1908 was $500. It is the same today!

"* * * we are unable, in the first place, to perceive any distinction between 'an unmarried female' and a divorced woman, as the bankrupt in this case is. Both are unmarried females. In the next place, looking to the reason of the law, we cannot perceive any just distinction between the minor children of a deceased relative, which it may be the duty of an unmarried female to support and for which she can claim a homestead, and the minor children of an unmarried female who happens to be a divorced woman. No reason has been suggested or can be given why a divorced woman who cares for her own minor children should be deprived of an exemption in lieu of a homestead, which is clearly, under the precise terms of the statute, granted to an unmarried female, who cares for the minor children of a deceased relative. To carry the matter a little farther, and put the case somewhat stronger, it is quite impossible for any intelligent mind to explain why the exemption in lieu of a homestead should be granted to a divorced woman if the children she is supporting are those of a deceased relative, and yet refused if such children are her own."

The Court reasoned further, at page 599 of its opinion:

"* * * an unmarried female, who has the care of the minor children of a deceased relative, may hold exempt certain property in lieu of a homestead, and, by parity of reason, a divorced woman, who has the care of her own minor children, is entitled to a like exemption."

By similar parity of reason, a divorced man living with and caring for his own children is not to be deprived thereby of an exemption in lieu of homestead.

### III.

The bankrupt is entitled to claim his income tax refund exempt under R. C. 2329.81. His income tax refund of $495.00 is to be set apart as exempt allowed by law.

*It is so ordered.*