**In the Matter of Steven T. ALLISON, Shirley A. Allison, Debtors.**

**Bankruptcy No. 3-82-03332.**

United States Bankruptcy Court, S.D. Ohio, W.D.

July 27, 1983.

H. Charles Wagner, Dayton, Ohio, for debtors.

Milton Sprowl, Dayton, Ohio, Trustee.

### DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

#### FACTS

Debtors filed a joint petition for relief under Chapter 7 of the Bankruptcy Code on 29 November 1982. They scheduled ownership in certain real estate located in Bradenton, Florida, valued at $59,900.00 and encumbered for $50,997.03. They also scheduled miscellaneous household goods and furnishings; a 1977 Chevrolet Van, valued at $2,500.00 unencumbered; and by later amendment, an income tax refund of $2,427.00.

The original schedules claimed as an exemption the automobile pursuant to Ohio Revised Code § 2329.66(A)(2); and, on 23 March 1983, the schedules were amended to claim as exempt a cash income tax refund in the amount of $2,427.00 pursuant to Ohio Revised Code § 2329.66(A)(4)(a), "by application of the unused $5,000.00 exemption

for real or personal property under O.R.C. § 2329.66(A)(1)." The Debtors did not assert a claimed homestead exemption in the real estate.

On 30 March 1983 Milton L. Sprowl, Trustee in Bankruptcy, filed an "opposition" to the exemption claimed in the tax refund and motor vehicle, "for the reason that same are not in conformance with the applicable provisions of the Ohio Revised Code," without further documentation, which Debtors contested. The controversy came on for hearing on 27 June 1983.

The issues are narrowly drawn and have been submitted upon the basis of a proposed statutory interpretation, no pertinent case precedents or other substantiating authorities having been submitted.

The question is whether or not the homestead exemption of $5,000.00 provided by the applicable Ohio statute may be carried over as an exemption in lieu of homestead in personal property to the extent not claimed in real property. In behalf of Debtors it is urged as follows:

"The Debtors' argument is grounded in a question of statutory interpretation. Under the 1954 edition of Title 23 the exemption provisions were not codified in a single statute, but rather spanned many Sections of the Revised Code, §§ 2329.62–.81 to be exact. In 1979, the Legislature sought to remedy this profusion of exemption law by codifying all of the above statutes into a single unified exemption statute, which is now known as § 2329.66. Under former § 2329.81 it was held that a debtor was entitled to a personal property exemption in lieu of a homestead exemption, thereby according non-property owners the same rights as fee holders. Indeed, it was held that an income tax refund due to a bankrupt as a result of wages withheld by his employer, was exempt under this Section. *In re Johnson,* 27 Ohio Op.2d 448, 232 F.Supp. 681; *In Re Perry,* 26 Ohio Op.2d 469, 225 F.Supp. 481.

•     •     •     •     •

An examination of the original language of House Bill 674, which was en-

acted as O.R.C. § 2329.66 is most instructive on this count. The composition of §§ 2327.26 [sic] and 2329.66 clearly reveal a legislative intent to transfer the purpose and meaning of former § 2329.81 into Sub-Section (A)(1) of the new unified exemption statute. (See Baldwin's 1979 Laws of Ohio at 5–308).

That a personal property in lieu of real property exemption is intended to be made applicable to other sections of said unified exemption statute, is directly reflected in the punctuation of Sub-Section (A)(1), which is followed by a colon, unlike all of the following Sub-Sections, which are punctuated with semi-colons."

. . . .

The pertinent sections of the Ohio Revised Code read, as follows:

§ 2329.66 [Exempted interests and rights]

(A) every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

(1) The person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence:

(2) The person's interest, not to exceed one thousand dollars, in one motor vehicle:

\*   \*   \*   \*   \*   \*

(4)(a) The person's interest, not to exceed four hundred dollars, in cash on hand, money due and payable, money to become due within ninety days, tax refunds, and money on deposit with a bank, building and loan association, savings and loan association, credit union, public utility, landlord, or other person.. This division applies only in bankruptcy proceedings. This exemption may include the portion of personal earnings that is not exempt under division (A)(13) of this section.

(b) Subject to division (A)(4)(d) of this section, the person's interest, not to exceed two hundred dollars in any particular item, in household furnishings, household goods, appliances, books, animals, crops, musical instrument, firearms, and hunting and fishing equipment, that are held primarily for the personal, family or household use of the person.

(c) Subject to division (A)(4)(d) of this section, the person's interest in one or more items of jewelry, not to exceed four hundred dollars in one item of jewelry and not to exceed two hundred dollars in every other item of jewelry.

(d) Divisions (A)(4)(b) and (A)(4)(c) of the section do not include items of personal property listed in division (A)(3) of this section.

If the person does not claim an exemption under division (A)(1) of this section, the total exemption claimed under division (A)(4)(b) of this section shall be added to the total exemption claimed under division (A)(4)(c) of this section and the total shall not exceed two thousand dollars. If the person claims an exemption under division (a)(1) of this section, the total exemption claimed under division (A)(4)(b) of this section shall be added to the total exemption claimed under division (A)(4)(c) of this section and the total shall not exceed one thousand five hundred dollars.

\*   \*   \*   \*   \*   \*

(17) The person's interest, not to exceed four hundred dollars, in any property except that this division applies only in bankruptcy proceedings.

Counsel for the Debtors has presented a question of first impression which apparently has not been analyzed as to the Ohio statutes in any reported judicial case precedent. No legislative history of statutes in Ohio is available for reference.

The present Ohio statutes pertaining to exemptions of property from levy of execution, garnishment, attachment, or sale by judicial process, codified into one unified Chapter multifarious and random preexisting Ohio statutes. The belated revision of antiquated statutes, many over 100 years old, was precipitated by the enactment of the Bankruptcy Code of 1978 on November 6, 1978; and, in fact, constitutes merely a

variation of provisions patterned directly upon 11 U.S.C. § 522. The net result of the Ohio enactment made effective 28 September 1979, was to narrow and restrict the exemptions for debtors as provided by federal law, and to deny a debtor a choice of the § 522(d) exemption system. Ohio R.C. § 2329.662, and 11 U.S.C. § 522(b)(1). See 5 Day.L.Rev. 461 (1980). The states of Florida, Missouri, Ohio and Virginia "opted out" of the federal exemptions immediately, to be followed by twenty-nine other states by 1982. One bankruptcy court has held that the state statute (Louisiana) need not specifically negate or prohibit the use of the homestead exemption by non-homeowners to "opt out" of the stacking benefit afforded by 11 U.S.C. § 522(d)(5). See *Re Kimball* (Bkrtcy.La.1980), 2 B.R. 560, 5 B.C. D.2d 520, CCH Bankr.L.Reptr. ¶ 67,343.

One of the major alterations of the federal exemptions by the Ohio Statutes pertains to the homestead exemption. Assuming that there, in fact, existed a viable homestead exemption in Ohio prior to the 1979 statutes, the effective amount exempt was only $500.00 (a $1,000.00 provision being practically impossible) and provision was made by former Ohio Revised Code § 2329.- 81 (repealed effective 9–28–79) for an exemption of $500.00 "in lieu of homestead." This was interpreted to be a "catch all" exemption limited in scope by excluding such items as moneys, salary or wages due, and passenger automobiles. There was by judicial interpretation authority to claim as exempt income tax refunds despite the statutory exclusion and exception of "moneys due" to a debtor from a person, firm or corporation. See *In Re Perry,* 225 F.Supp. 481, 26 Ohio Op.2d 469.

Thus to interpret the Ohio statute it is necessary initially to advert to the legislative history of 11 U.S.C. § 522 and to the historical precedents therein codified, to determine whether the literal provisions of the Ohio statute are susceptible to judicial gloss or the requested judicial expansion of literal provisions.

It is important to observe that the federal exemption specifically digresses from the provisions of the Uniform Exemption Act and the Bankruptcy Commission Bill of 1973 by including a $7,900.00 "grubstake" exemption. See 9 Am.Jur.2d *Bankruptcy* § 323; and Norton, *Bankruptcy Law and Practice* § 26.11. The Ohio statute not only demonstrates no intention of granting a similar "catch all" exemption; but, it very clearly deletes this feature.

The deletion of any such exemption stacking by the Ohio legislature in tracking the federal statute, as a factor, is further emphasized by reference to other provisions contained in the Ohio statutes. For instance, it must be noted that § 2329.- 66(A)(4)(b) and (c) specifically addressed the stacking exemption, as follows:

"If the person does not claim an exemption under division (A)(1) of this section, the total exemption claimed under division (A)(4)(b) of this section shall be added to the total exemption claimed under division (A)(4)(c) of this section and the total shall not exceed two thousand dollars. If the person claims an exemption under division (à)(1) of this section, the total exemption claimed under division (A)(4)(b) of this section shall be added to the total exemption claimed under division (A)(4)(c) of this section and the total shall not exceed one thousand five hundred dollars." ·

The critical section and terminology contained in the federal statutes (11 U.S.C. § 522(d)(5)) (the phrase "... plus any unused amount of the exemption provided under Paragraph (1) of this subsection [the $7500.00 homestead exemption] in any property") was deleted from the Ohio statutes. The section of the Ohio statutes (R.C. § 2329.66(A)(17)) which primarily tracks this crucial federal statute reads, as follows, to add:

"The person's interest, not to exceed four hundred dollars in any property, except that this division applies only in bankruptcy proceedings."

See opinion by this Court *In Matter of Reynolds,* 24 B.R. 344 (Bkrtcy.Ohio 1982), as to the unconstitutionality of this section.

Rather than to labor the obvious, it is important to note traditional principles of statutory construction which justifiably re-

move courts from the process of indulging in so-called "judicial legislation." Obviously, this Court cannot by either decision or dictum under the guise of "liberal interpretation" of the intent of the legislature create a right to an exemption not found in the plain wording of the statute. Since the Ohio statues do not provide for a $7,900.00 "grubstake" stacking of specific exemptions, the courts cannot supply such a lacking. See *Morris Plan Bank v. Viona,* 122 Ohio St. 28, 170 N.E. 650. In statutory construction, the maxim, "expressio unius est exclusio alterius" applies. Generally, see 73 Am.Jur.2d, Statutes §§ 210, 211. The Ohio legislature in confronting the federal exemption statutes and electing to "opt out" expressed the clear purpose of expunging the full $7,900.00 grubstake exemption.

Hence, the exemptions as claimed by Debtors must be denied, sustaining the objection by the Trustee in Bankruptcy. The exemption allowable to the Debtors in a motor vehicle cannot exceed $1,000.00 (R.C. § 2329.66(A)(2)) and the exemption allowable to Debtors under the catch-all exemption cannot exceed $400.00 (R.C. § 2329.-66(A)(17). The same principles apply to the exemption claimed pursuant to Ohio Revised Code § 2329.66(A)(4)(a) so that any unused portion of the $400.00 exemption therein to be applied to the income tax refund cannot exceed $400.00. Hence, the maximum exemption applicable to the income tax refund cannot exceed $800.00 and to the extent not applied to other property.