WILLIAM M. LAMBETH and another *v.* JOHN MILTON.

Art. 644 of the Code of Practice, exempting the tools and instruments necessary for the exercise of the trade or profession of the debtor from seizure, was intended to encourage such useful trades and professions, by enabling the debtor to sustain himself and family by his own industry, and to hold out to the creditor the prospect of satisfaction from the future labor of his debtor; and in the cases to which it applies, will exempt the books of professional men from seizure. But where the debtor resides abroad, or has absconded, or permanently left the State, his linen, clothes, bed, arms, and the tools and instruments of his trade or profession, may be seized and sold for the payment of his debts.

APPEAL from the District Court of the First District, *Buchanan*, J.

*Randolph*, for the appellants.

*Van Dalson*, for the defendant. Art. 644 of the Code of Practice protects the books of a lawyer from seizure. See also Curia Filipica, part 2, ch. 16, No. 8.

MORPHY, J. The petitioners having attached a library, consisting of law books and other miscellaneous works, belonging to the defendant, an absent debtor, a rule was taken to set aside the attachment on the ground that the defendant was a lawyer, and his books were not liable to seizure under this process. The court, after hearing the parties, made the rule absolute as to the law books; and the plaintiffs have appealed.

The defendant's counsel relies upon article 644 of the Code of Practice, which exempts from seizure under execution, among other things, the tools and instruments necessary for the exercise of the trade or profession by which the debtor gains a living. In the case for which this article provides, we would probably have no hesitation in declaring that the books of professional men should be exempted from seizure. The law books of a lawyer are perhaps no less necessary to the proper exercise of his profession, than the tools of a mechanic are to the latter to enable him to carry on his trade. But this article contemplates, we apprehend, an entirely different case from the one before us. It is clearly dictated by public policy as well as by humanity. While it encourages the exercise of all useful trades and professions, it enables the unfortunate debtor to sustain himself and family by

honest industry, and at the same time holds out to the creditor a prospect of obtaining his debt, by the future labor of his debtor with these privileged tools and instruments. Can any of these reasons apply to cases of attachment where the debtor is residing abroad, or has permanently left the state ? Where a debtor has absconded, leaving behind him his linen and clothing, his bed, his arms, and military accoutrements, or the tools and instruments of his trade or profession, none of these effects can avail him in the manner and for the uses contemplated by law ; and all his property of every description ought to be, and is liable to be seized for the payment of his debts. Article 241, under which defendant's books were attached, renders *all species of property* of the absent debtor liable to seizure. It is not, in our opinion, modified or restricted by article 644, which provides for a different case. The exemption which it pronounces in favor of one class of debtors, should not be extended to another class, differently situated, and not at all entitled to the same favor.

. It is therefore ordered that the judgment of the District Court be reversed, that the rule taken by the defendant be discharged, and that the case be remanded for further proceedings. The costs of this appeal to be paid by the appellee.