180 So.2d 803 (1965)
George LAURENCIC
v.
James T. JONES.
No. 1952.
Court of Appeal of Louisiana, Fourth Circuit.
December 6, 1965.
Duke & Porterie, John L. Hantel, New Orleans, for plaintiff and appellee.
Chaffe, McCall, Phillips, Burke, Toler & Hopkins, George A. Kimball, Jr., New Orleans, for American Messer Corp., garnishee-appellant.
Before YARRUT, SAMUEL, and CHASEZ, JJ.
YARRUT, Judge.
This is an appeal by American Messer Corporation, garnishee under a writ of attachment, from a judgment ordering it to pay over to Plaintiff (seizing creditor) the entire amount of a salary ($280.00) due Defendant, its former employee.
On March 4, 1965, the garnishee was served with garnishment under a nonresident in rem attachment procured by Plaintiff. The garnishee answered that Defendant's *804 employment was terminated on March 3, 1965, one day prior to the service of the interrogatories, and that it owed him an earned salary of $280.00 for which amount Plaintiff obtained a judgment against Defendant, with an order for the garnishee to pay the full amount to Plaintiff. The employer-garnishee contends it should be required to pay Plaintiff only 20% of the salary due because 80% is exempt from seizure under LSA-R.S. 13:3881, which provides:
"The following income or property of a debtor is exempt from seizure under any writ, mandate, or process whatsoever:
(1) Eighty per cent of the wages, salary, commissions, or other compensation earned by him * * *."
To determine if Defendant's salary is exempt, three questions must be considered:
1. Do wages paid an employee after termination of his employment lose their exempt character?
2. Does abandonment of wages by an employee nullify the exemption and, if so, has Defendant abandoned his wages?
3. Does the wage exemption apply to nonresidents?
Regarding the first question, we must conclude that termination of employment does not terminate the exempt character of wages then due and owing the employee. According to LSA-R.S. 13:3881, as amended by Acts 1961, No. 25, § 1 (supra), 80% of all earnings are exempt without exception. Article 644 of the Code of Practice of 1825 did limit the exemption to wages earned within 31 days of seizure. However, neither Article 644 of the Code of Practice of 1870 nor the present statute contains any such limitation, nor do they have the restriction found in some statutes in other jurisdictions that the wages to be exempt must be "current." The clear intent of the present statute is that 80% of all wages, whenever paid or whenever due, are exempt.
(2) Plaintiff argues that, because the purpose of the wage exemption is to enable the employee to support himself and his family, the exemption should not apply in this case because Defendant employee abandoned both his family and his salary. This contention is without merit, because abandonment of family does not relieve the head of the family of his duty to support them.
The question here is whether the Defendant has abandoned his salary. Plaintiff cites Lambeth v. Milton, 2 Rob. 81, in which our Supreme Court held that an exemption of tools of a trade from seizure was not applicable to law books of an attorney-debtor who had abandoned them, the court reasoning:
"While it [the law] encourages the exercise of all useful trades and professions, it enables the unfortunate debtor to sustain himself and his family by honest industry, and at the same time holds out to the creditor a prospect of obtaining his debt, by the future labor of his debtor with these privileged tools and instruments. Can any of these reasons apply to cases of attachment where the debtor is residing abroad, or has permanently left the state? Where a debtor has absconded, leaving behind him his linen and clothing, his bed, his arms, and military accoutrements or the tools and instruments of his trade or profession, none of these effects can avail him in the manner and for the uses contemplated by law; and all his property of every description ought to be, and is liable to be seized for the payment of his debts."

Under this rule if Defendant absconded and abandoned his salary, never intending to claim it, it might not be subject to the exemption. However, there is no *805 evidence in the record at this time to support the contention that he has abandoned either his salary or his family. Considerably more than a nonresident in rem attachment is required to show such abandonment.
(3) However, because the judgment against Defendant was rendered on the basis of a nonresident attachment, there remains the question of whether nonresidents of Louisiana can benefit by its exemption laws. There are two conflicting Louisiana appellate decisions on this point.
The latest is Clarke v. Patton, La.App., 16 So.2d 585 (1st Cir.1944), which held that an automobile used as a tool of defendant's trade was not exempt from seizure, notwithstanding defendant worked in Louisiana, since he was a domiciliary of Texas. The court relied erroneously on Lambeth v. Milton, supra, which held abandonment of one's tools of trade or other necessaries makes them no longer subject to exemption, but does not stand for the principle that all nonresidents are excluded from the protection of the exemption laws.
We agree with the other appellate decision on the subject, Festervand v. Laster, 15 La.App. 159, 130 So. 634 (2d Cir. 1930), which held that the statute which exempted workmen's compensation benefits from attachment (now LSA-R.S. 23:1205) was applicable to the widow of a debtor even though she lived outside of Louisiana, the court maintaining that unless the exemption statute is expressly confined to residents, it applies to nonresidents as well. This is the majority rule and the better rule. 119 A.L.R. 554.
Statutes exempting certain items of a debtor's property from seizure are to be construed liberally in favor of the debtor in order to protect debtors and their families from financial destitution, and to protect the public from the necessity of providing for them as public charges. Mickenheim v. Cathcart, 228 La. 890, 84 So.2d 449, 54 A.L.R.2d 1418; Young v. Geter, 185 La. 709, 170 So. 240; Skelley v. Accounts Supervision Co., La.App., 53 So.2d 520; Mounger v. Ferrell, La.App., 11 So.2d 56; Fant v. Miller, La.App., 170 So. 412; 35 C.J.S. Exemptions § 4, pp. 14-16, and cases therein cited.
Therefore, the only time the salary otherwise exempt would be subject to seizure in toto would be complete abandonment thereof.
As the record does not contain sufficient evidence that Defendant has definitely abandoned his wages, the judgment of the city court is amended to reduce the award to Plaintiff to $56.00, 20% of $280.00. Plaintiff is to pay all costs in both courts.
Judgment amended and affirmed.
SAMUEL, J., concurs with written reason.
SAMUEL, Judge (concurring).
I agree with the conclusion that only 20% of the salary is subject to seizure. However, I can only concur in the opinion because I feel that the cited Supreme Court case of Lambeth v. Milton, 2 Rob. 81, should be limited strictly to its holding on the facts involved therein; that opinion is couched in such generalities as to require the limitation.
Lambeth was based on a rule to set aside an attachment of a library, consisting of law books and "other miscellaneous works", belonging to the defendant, who is described only as an "absent debtor". As I read Lambeth, it stands only for the proposition that the law books were not exempt from seizure because the exemption statute was not applicable in that the books were not necessary for the exercise of the trade or profession by which the debtor gained a living. Either the absent defendant-debtor was not engaged in the practice of law or he was not using the books in that practice.
I respectfully concur.