**In re George KIMBALL, Jr., and Charlotte M. Kimball.**

**William G. McCLANAHAN, Trustee, Plaintiff,**

v.

**George KIMBALL, Jr., and Charlotte M. Kimball, Debtors, Defendants.**

**Bankruptcy No. 479–00004–LC.**

United States Bankruptcy Court, W. D. Louisiana, Lafayette-Opelousas Division.

Jan. 29, 1980.

William G. McClanahan, Trustee, pro se.

James A. Watson, Eunice, La., for debtors.

## OPINION

RODNEY BERNARD, Jr., Bankruptcy Judge.

This cause came on for hearing on December 20, 1979, at Lake Charles, Louisiana, upon the Trustee's Objection to Debtor's List of Exempt Property. The Trustee, William G. McClanahan, represented himself. The debtors were represented by James A. Watson.

## STATEMENT OF THE CASE

The debtors filed a voluntary petition in bankruptcy on October 5, 1979, under the provisions of Chapter 7 of the Bankruptcy Code. They claimed as exempt all their household goods, supplies, and furnishings, citing as authority the Louisiana Constitution of 1974, Article 14, Section 34, and Article 12, Section 9; LSA R.S. 13:3881; and 11 U.S.C. § 522.

The trustee in the case then filed an objection to the debtors' list of exempt property. The objection was made on the grounds that certain items were not exempt under Louisiana law. Whereas the debtors claimed all their household goods and furnishings as exempt, including decorative items and accessories such as pictures, plants, clocks, and books, the trustee set aside as exempt only linens, bedding, cooking and eating utensils, normal clothing of the debtors, one couch, one love seat, one chair, two end tables, one coffee table, one iron, and one bed and mattress.

## CONCLUSIONS OF LAW

There being no factual dispute, this matter is to be decided solely upon the legal issue presented.

The Bankruptcy Code, which became effective on October 1, 1979, provides that all property of the debtor becomes property of the estate. See 11 U.S.C. § 541. However, the debtor is permitted to exempt certain property from property of the estate under the provisions of Section 522. The debtor is allowed to choose *either* the exemptions specified in Section 522(d) *or* Federal exemptions other than those found in Section

522(d), plus exemptions allowed under State law. 11 U.S.C. § 522(b). The first of these alternatives is subject to the proviso that a State may specifically not authorize the exemptions under Section 522(d).

■ In the 1979 Regular Legislative Session, the Louisiana Legislature amended the general exemption statute, La.R.S. 13:3881, to provide as follows:

"B. In cases instituted under the provisions of Title 11 of the United States Code, entitled "Bankruptcy", there shall be exempt from the property of the estate of an individual debtor only that property and income which is exempt under the laws of the state of Louisiana and under federal laws other than Subsection (d) of Section 522 of said Title 11 of the United States Code." LSA R.S. 13:3881, Subsection B.

Therefore, a Louisiana debtor filing a petition in the Bankruptcy Court has no choice of exemptions but is limited to those allowed under State law and Federal law other than 11 U.S.C. § 522(d).

There are a number of Federal exemptions, some of which are listed in the comments following Section 522(b) of the Bankruptcy Code. Those exemptions are not at issue in the present case.

The Louisiana law provides for exemptions from seizure and sale as follows:

"Section 9. The legislature shall provide by law for exemptions from seizure and sale, as well as waivers of and exclusions from such exemptions. The exemption shall extend to at least fifteen thousand dollars in value of a homestead, as provided by law." Louisiana Constitution of 1974, Article 12, Section 9.

"A. The bona fide homestead, consisting of a tract of land or two or more tracts of land with a residence on one tract and a field, pasture, or garden on the other tract or tracts, not exceeding one hundred sixty acres, buildings and appurtenances, whether rural or urban, owned, and occupied by any person, is exempt from seizure and sale under any writ, mandate or process whatsoever, except as provided by Subsections C and D of this Section. This exemption extends to fifteen thousand dollars in value of a homestead. It shall extend to the surviving spouse or minor children of a deceased owner and shall apply when the homestead is occupied as such and title to it is in either the husband or wife but not to more than one homestead owned by the husband or the wife."

LSA R.S. 20:1(A), as amended by Acts 1977, No. 446.

"A. The following income or property of a debtor is exempt from seizure under any writ, mandate, or process whatsoever:

(1) Seventy-five per centum of his disposable earnings for any week, but in no case shall this exemption be less than an amount in disposable earnings which is equal to thirty times the federal minimum hourly wage in effect at the time the earnings are payable or a multiple or fraction thereof according to whether the employee's pay period is greater or lesser than one week. The term "disposable earnings" means that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld.

(2) The tools, instruments, and books necessary to the exercise of a trade, calling, or profession by which he earns his livelihood, in whole or in part, provided that motor vehicles and trailers, except one pickup truck and trailer actually used in his trade, shall not be deemed to fall within the provisions of this paragraph;

(3) A right of personal servitude, of use and habitation, of usufruct of the estate of a minor child, and the income from dotal property; and

(4) The clothing, bedding, linen, chinaware, nonsterling silverware, glassware, living room, bedroom, and dining room furniture, cooking stove, heating and cooking equipment, kitchen utensils, pressing irons, washers, dryers, refrigerators, deep freezers (electric or otherwise) used by him or a member of his family; the family portraits; his arms and military accoutrements; the musical instru-

ments played or practiced on by him or a member of his family; and the poultry, fowl, and one cow kept by him for the use of his family.

LSA R.S. 13:3881(A), as amended by Acts 1979, No. 596.

Counsel for the debtors argues that the Louisiana exemption statute does not specifically prohibit use of the homestead exemption by non-homeowners, thereby giving the debtors the benefit of 11 U.S.C. § 522(d)(5) which allows the debtor to apply the unused portion of the homestead exemption to any other property of the estate.

 Louisiana's homestead exemption statute, LSA R.S. 20:1, includes a definition of "homestead" within its provisions. The statute clearly states that the homestead consists of a tract of land with a residence owned and occupied by any person. This definition can only be interpreted to mean real estate used as a residence and cannot be construed as providing an exemption for personal or any other property of the debtor. The word "owned" in the statute indicates that the intent of the drafters was to disallow the use of the homestead exemption by lessees. The petitioners in the present case may therefore claim as exempt only those household goods, supplies, and furnishings as allowed by LSA R.S. 13:3881, Subsection A(4).

Since the debtors have not shown that their property is exempt under Louisiana law, there will be judgment in favor of the trustee, upholding his Objection to Debtor's List of Exempt Property.