In the Matter of John A. MMAHAT and Arlene M. Mmahat, Debtors.

Bankruptcy No. 87–00447–K.

United States Bankruptcy Court, E.D. Louisiana.

Jan. 11, 1990.

William E. Steffes, Steffes & Macmurdo, Baton Rouge, La., for debtor.

Douglas D. Dodd, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, La., for FSLIC.

David V. Adler, Metairie, La., Trustee.

## MEMORANDUM OPINION

THOMAS H. KINGSMILL, Jr., Bankruptcy Judge.

On June 28, 1989, this matter came before the Court on the Objections of David V. Adler, Trustee, and the Federal Savings and Loan Insurance Corporation to exemptions claimed by John and Arlene Mmahat. At the request of the parties, the hearing was continued without date pending the Debtors' filing of a revised list of exempt property. Considering the memoranda filed, the record herein, and the applicable law, the Court enters the following Memorandum Opinion.[1] On June 2, 1989, the Debtors filed an Affidavit Setting Forth Debtors' Claimed Exemptions, which is a revised list of claimed exemptions. The revised list contains 18 pages of articles claimed as exempt property. No dollar values are placed on the items.

The Federal Savings and Loan Insurance Corporation (FSLIC) filed a Post–Hearing Memorandum in Support of Objection to Exemptions on June 28, 1989. By the memorandum, the FSLIC asserts that the debtors have abused La.R.S. 13:3881 by claiming as exempt the contents of several living rooms and more bedrooms than necessary for use by family members. Additionally, the FSLIC asserts that "luxury" items, such as antique furniture, should not be exempt since these items are not reason-ably necessary to the debtors' rehabilitation in bankruptcy. In support of its position, the FSLIC relies upon *In re Hendrick*, 45 B.R. 965 (Bankr.M.D.La.1985). The FSLIC renews an objection to the debtors' exemption of the contents of any rooms not specifically mentioned in La.R.S. 13:3881. Finally, the FSLIC objects to the debtors' claimed exemption of tools of the trade, stating that the exemption should not extend to furnishings in a home office as well as the Debtors' workplace offices.

Additionally, the Trustee filed an Objection to Debtors' Claimed Exemptions and a Memorandum in Support of Objection to Claimed Exemptions on February 15, 1989. The Trustee also relies on *Hendrick* in support of the proposition that luxury items are not exempt, and goes on to specifically enumerate almost four pages of items it asserts should not be exempted from the bankruptcy estate.

In response, the Debtors assert by way of a Rebuttal Memorandum in Opposition to Objection to Exemptions filed July 6, 1989 that there is no legitimate basis for the Court in *Hendrick* to engraft the "reasonably necessary" standard onto the provisions of La.R.S. 13:3881. The Debtors' Memorandum in Opposition to Objections to Debtors' Exemptions filed May 15, 1989, elaborates the decision was concerned more with the partition of community property than with a dispute over claimed exemptions, and that the adverse relationship between the debtor and his estranged spouse played a central role in the outcome of that decision and that the case should be distinguished on that basis. The Debtor goes on to argue that there is no basis for the court to judicially fashion any limitation that the legislature did not choose to enact, and that the *Hendrick* court ignored the plain meaning of ordinary language used in the statute in determining which items would be exempt. The Debtor states that the Court should decide whether or not the type of furniture is such that one would normally expect to find in a living room, dining

---

**1.** This Memorandum Opinion constitutes the Court's Findings of Fact and Conclusions of Law in accordance with Bankruptcy Rule 7052.

room, or bedroom, and not to whether the furniture is actually found in those rooms.

Having considered the record, the Court is unpersuaded that the *Hendrick* decision, as it relates to the nonexemptability of status or prestige items, should be followed under the facts in the instant case. A detailed analysis of the exemptions which may be claimed by the Debtors follows.

### Exemptions for Claimed "Luxury" Items

An examination of Louisiana case law shows that there is very little precedent in this area. In *In re Hendrick*, 45 B.R. 965 (Bankr.M.D.La.1985), the bankruptcy court was asked to determine the exemptibility of "valuable" items which otherwise fall under the Louisiana exemption statute. The bankruptcy court held that items whose value was primarily artistic, ornamental, or recreational, or related to the prestige and status of the owner were not exempt. The court reasoned that the purpose of the Louisiana exemption statute is to provide for the subsistence, welfare and fresh start of the debtor so that the family will not be destitute and to prevent the debtor from becoming a charge on the state. Therefore, "when an item's value derives primarily from its artistic, ornamental, or recreational value or from its characteristics solely designed to enhance the prestige or status of its owner, then the item is not really an item of 'furniture' or 'clothing' within the intent of La.R.S. 13:3881." *Id.* at 972. Under this reasoning, the bankruptcy court held that "the statute exempts chinaware, silverware, and glassware, but does not exempt sterling silverware, crystal, or decorative china." *Id.* at 971.

In the *Hendrick* decision, the Court relied upon the cases of *Mounger v. Ferrell*, 11 So.2d 56 (La.App. 2d Cir., 1942) and *Laurencic v. Jones*, 180 So.2d 803 (La.App. 4th Cir., 1965) for the proposition that the purpose of the exemption statute was to provide for the subsistence of debtor in order to avoid the destitution of the family and keep the debtor off the welfare rolls. However, a reading of relevant case law demonstrates that, in general, the construc-

tion of exemption laws should be liberally construed in favor of the debtor if it is within the purpose and intent of the statutory provision for exemption. *See Young v. Geter,* 170 So. 240, 185 La. 709 (La.1936) (exemption laws given broad and liberal interpretation in favor of debtor; exemption claim allowed whenever it can be brought within purpose of statute by fair and reasonable interpretation); *Fant v. Miller,* 170 So. 412 (La.App.1936).

In *Mounger v. Ferrell,* the Court stated that the exemption laws should be liberally construed in favor of claimants, and that the purpose of the exemption laws was to secure to the debtor a means to protect himself; the protection of the family is the main consideration. In *Laurencic,* the Court ordered $280 garnished by the debtor's employor to be returned. In doing so, the Court liberally applied 13:3881 to return the seized funds, finding that the statute does not require that exempt wages be "current" nor that it applied only to "residents." The court goes on to state that exemption statutes are to be liberally construed in favor of the the debtor in order to protect the debtor and his family from financial destitution and to protect the public from the necessity of providing for them as public charges. *Laurencic v. Jones,* 180 So.2d 803 (La.App. 4th Cir.1965). The court in *Laurencic* actually did apply the exemption statute liberally in favor of the debtor; the rest of the statement attributed to the court is mere dicta.

Section 13:3881(A)(4)(a) provides that:

A. The following income or property of a debtor is exempt from seizure under any writ, mandate, or process whatsoever:

. . . .

(4)(a) The clothing, bedding, linen, chinaware, nonsterling silverware, glassware, living room, bedroom, and dining room furniture, cooking stove, heating and cooling equipment, one noncommercial sewing machine, equipment for required therapy, kitchen utensils, pressing irons, washers, dryers, refrigerators, deep freezers, electric or oth-

erwise, used by him or a member of his family;

    (b) The family portraits;

    (c) His arms and military accoutrements;

    (d) The musical instruments played or practiced on by him or a member of his family; and

    (e) The poultry, fowl, and one cow kept by him for the use of his family.

The only recent Fifth Circuit opinion which addresses the issue of the exemption of valuable household items is *In re Fernandez*, 855 F.2d 218 (5th Cir.1988). In *Fernandez*, the Court was asked to determine whether some $8,000.00 of jewelry could be exempt under Texas law. Texas statute does not contain an exemption for jewelry; however, prior case law had held that certain items of jewelry may be exempt as "wearing apparel." The Court was asked to determine whether a recodification of the statute from "wearing apparel" to "clothing" substantively changed the exemption law. The Court specifically noted that a claim for $8,000.00 in jewelry "may well be excessive"; however, in this case the jewelry was indeed exempt since the relevant Texas statute only required an analysis of whether the jewelry was "worn by the owner" and that the "clothing" be "reasonably necessary."

When making a statutory interpretation, the Article 9 of the Revised Civil Code of Louisiana states:

> When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.

An examination of the relevant section shows that items which are exempt under section 3881(A)(4)(a) need only be "used by" the debtor in order to be exempt. Indeed, there is no requirement that they be "reasonably necessary" as required by *Fernandez*, since the relevant Louisiana statute, unlike Texas, does not require that they be "reasonably necessary" in order to be exempt.

The Court holds that under the Louisiana exemption statute, the test as to whether household items are exempt is whether it is "used by him or a member of his family." Under this analysis, whether a more inexpensive item could be used, by itself, is irrelevant to the inquiry as to whether an item is exempt. In *Finley v. Graves*, 393 So.2d 345 (Ct.App. 1st Cir. 1980), the Court held that the exemption statute does not distinguish between expensive and inexpensive tools. The Court further stated that the question of whether more expensive items should be excluded from coverage under the exemption statute is one for the legislature, and not for the courts, to decide.

The legislature is well aware that mechanisms exist to further limit exemptions. If the legislature wished, it could have written in a "reasonably necessary" standard, as required by the Texas legislature, or placed a ceiling on the dollar values on individual items of property, as done by Bankruptcy Code § 522.

Indeed, in other portions of the Louisiana exemption statute, the legislature did address the issue of whether valuable items should be exempt. For example, in 13:3881(A)(5) the statute specifically exempts any wedding or engagement rings with a value not in excess of $5,000. In 13:3881(A)(2)(d) the statute exempts one vehicle so long as it does not possess the characteristics of a luxury automobile, as described by a now-repealed statute. Even within section 13:3881(A)(4)(a), the statute exempts only nonsterling silverware. Therefore, under the plain reading of the statute, the legislature has seen fit not to place value or age limits on otherwise exempt household items. Additionally, a finding that the legislature did not intend to limit the exemption for household items to only nonstatus and nonprestige items, so long as they are used by the debtor or a member of his family, is in keeping with established precedent that exemptions should be liberally construed in favor of the debtor. See Louisiana cases cited above. *See also In re Langley*, 21 B.R. 772 (Bankr.D.Me.1982) (garden tractor not a luxury item; exemption statutes general-

ly liberally construed in favor of the debtor). Accordingly, "luxury" items, such as antique furniture, are exempt so long as they are "used by the debtor or a member of his family" and otherwise fall under the provisions of the section. *Accord In re Griffiths*, 86 B.R. 639, 643 (Bankr.W.D. Wash.1988) (antiques are exempt if used or appreciated around home), citing *Walnut Valley State Bank v. Coots*, 60 B.R. 834, 835–37 (D.Kan.1986) (antiques used and displayed in home and reasonably necessary to maintain debtors' customary standard of living are exempt under Kansas law). Likewise, fur coats are exempt as "clothing" if they are "used by" the debtor or a member of his family. Items held in storage cannot be "used by the debtor" and are not exempt.

### Items Not Mentioned in the Exemption Statute

The FSLIC objects to the exemption of the contents of rooms not specifically mentioned in La.R.S. 13:3881, which includes the contents of the movie room, bathroom, dining closet, front hall, viewing room, ballroom, study, pantry and kitchen. Section A(4)(a) governing household goods states that "living room, bedroom and dining room furniture" are exempt if used by the debtor or a member of his family; however, the section also specifically lists items from other rooms, such as the kitchen and pantry, which are exempt, such as chinaware, nonsterling silverware, glassware, cooking stove, and kitchen utensils if used by the debtor or a member of his family. Therefore, while the subsection does not specifically exempt the contents of the kitchen or pantry, items likely found in those rooms are specifically mentioned as being exempt. Accordingly, the Court grants an exemption for items specifically enumerated by La.R.S. 13:3881(A)(4)(a), which includes all chinaware, nonsterling silverware, glassware, cooking stove, kitchen utensils, refrigerators, deep freezers used by the debtor or a member of his family. As discussed previously, the fact that some kitchen items may be more expensive than those normally found, or that more utilitarian items could have been used, is not material to an analysis of whether or not the item is exempt under the Louisiana statute.

■ Since the subsection does not differentiate between "glassware" and "crystal," even items of crystal are exempt so long as they are used by the debtor or a member of his family. If the legislature had intended to exclude expensive glassware, it would have done so, just as it did when excluding sterling silverware when it modified the exemption statute to include only "nonsterling silverware" as opposed to the former wording "forks, spoons."

■ However, certain items which appear on the exempt list under kitchen utensils are not exempt. The exemption statute specifically limits the exemption for wall hangings to family portraits. In the case of *In re Kimball*, 2 B.R. 560 (Bankr.W.D. La.1980), the debtors' list of exempt property included all their household goods, supplies and furnishings. The court held that the debtors' could only claim as exempt the goods, supplies and furnishings allowed by La.R.S. 13:3881, and therefore could not exempt decorative items and accessories such as pictures, plants, clocks and books. Therefore, while family paintings and pictures are exempt under the statute, various other paintings and wall hangings are not. Accordingly, any paintings which are not family portraits are not exempt no matter where they are located.

■ Additionally, for the foregoing reasons, the contents of rooms not specifically mentioned in the exemption statute or specific items not mentioned in the exemption statute are not exempt. This would include the contents of bathrooms, ballrooms, movie room, viewing room and front hall.

### Living Room, Bedroom, and Dining Room Furniture

The FSLIC asserts that the Debtors have abused the exemption statute by claiming as exempt the contents of numerous different living rooms, and by claiming as exempt the contents of more bedrooms than those necessary for use by members of their family.

■ As noted previously, the Louisiana exemption statute only allows the Debtor to exempt that bedroom furniture which is used by the debtor or a member of his family. Accordingly, the contents of any bedroom not needed for use by the Debtors or the members of their family is not exempt under the statute. Under this analysis, the contents of any spare or guest bedroom is not entitled to be exempt under the statute.

The Debtors assert that the Court should decide whether or not to exempt furniture, not based upon where the furniture is actually located, but rather based on whether the furniture is of a type that would normally be found in a living room, dining room, or bedroom, regardless of its present or past location.

The pertinent section of the Louisiana exemption statute states that "The ... living room, bedroom, and dining room furniture, ... used by him or a member of his family" is exempt from seizure. Article 11 of the Revised Civil Code states that "The words of a law must be given their generally prevailing meaning." The Webster's II New Riverside University Dictionary defines "furniture" to include "the movable articles in a room or establishment that make it fit for use." Prior to amendment the exemption statute provided for the exemption of a living room, dining room, or bedroom suite. "Suite" is defined in Webster's as a "set of matching furniture" as in a bedroom suite. By implication, the legislature by amending the subsection to include furniture instead of suites, broadened the exemption to include all movable articles making the room fit for use instead of just a matched set of furniture.

■ Under a plain reading of the subsection, all movable articles of a type that would normally be found in a living, dining or bedroom are exempt from seizure so long as they are used by the debtor or a member of his family. Under a plain reading of the exemption statute, it is irrelevant where such articles of furniture are found so long as they are of a type that would normally be found, for example, in a living room, and are otherwise exempt under the statute.

■ The Court finds that all items generally characterized as living room furniture that are used by the Debtor and his family, regardless of where the articles are located, are exempt under the Louisiana exemption statute. Decorative items, such as plants and clocks, cannot be characterized as furniture, and therefore are not exempt. *See In re Kimball,* 2 B.R. 560 (Bankr.W.D.La.1980).

### Exemption for Tools of the Trade

The FSLIC argues that the Debtors' claimed exemption for "tools of the trade" is excessive since Debtors may not exempt more than one desk, word processor, or like equipment; and that Debtors may not exempt more than one office each.

La.R.S. 13:3881(A)(2) governs the exemption for tools of the trade. It states:

(A) The following income or property of a debtor is exempt from seizure under any writ, mandate, or process whatsoever:

. . . .

(2) That property necessary to the exercise of a trade, calling, or profession by which he earns his livelihood, which shall be limited to the following:

  (a) Tools.

  (b) Instruments.

  (c) Books.

  (d) One pickup truck with a gross weight of less than three tons, or one motor vehicle, which does not possess any of the characteristics of a luxury automobile as defined under R.S. 39:365(B) which also shall not be a vehicle used solely for transportation to and from the place at which the debtor earns his livelihood; and

  (e) One utility trailer.

■ Various tests have been employed by the Louisiana courts to determine what are tools of the trade exempt under the language of the statute. Louisiana courts generally interpret the exemption statute quite liberally in favor of the

debtor, *Bank of Louisiana v. Nash*, 360 So.2d 259 (La.App. 4th Cir.1978), and without any limitation as to their value. *Cox v. Smith*, 275 So.2d 459 (La.App. 2d Cir.1973). However, the Debtor's characterization of an item as a tool of his trade is not enough to render it exempt; instead, the exemption claim must be made in good faith and supported by credible testimony or evidence. *In re Racca*, 40 B.R. 622 (Bankr.W.D.La. 1984). Additionally, the test for determining whether claimed item qualify as exempt is whether the debtor will be deprived by the seizure and sale of the items of a tool or instrument necessary for the exercise of his trade, calling or profession. *Finley v. Graves*, 393 So.2d 345 (Ct.App. 1st Cir.1980); *Oubre v. Hinchman*, 365 So.2d 17 (Ct.App.1978), writ denied, 365 So.2d 1375. A corollary question is whether a seizure of the property will prevent the debtor from continuing to follow the trade in which the particular property has been used. *Holt v. Flournoy*, 24 So.2d 171 (La.App. 2d Cir.1945). Once a chattel has been used and acquires the quality of a exempt tool or instrument, the creditor must provide unusually clear proof to divest that tool of its character. *Skelley v. Accounts Supervision Co.*, 53 So.2d 520 (La.App.1951).

With the foregoing considerations in mind, the Court holds that it is not necessary to the exercise of the Debtors' professions to have both a home and a professional office. Accordingly, the contents of the study and home offices are not exempt.

As for the Debtor's professional law practice, the exemption statute specifically allows the exemption of books necessary to the exercise of a profession. Accordingly, the law books used by Debtor are exempt. However, Debtor is not permitted to claim as exempt the entire contents of his professional law office. As stated by the statute, only that property necessary to the exercise of a profession is exempt, and those items are further limited to tools, instruments, books, one pickup truck or motor vehicle and one utility trailer. The only items necessary to the prac-

tice or his profession would be the furniture and word processors or personal computers and dictating equipment used by the debtor and his secretary. Accordingly, the Court denies the exemption of more than two desks, word processors or other furniture as to be used by the Debtor and his secretary in the law profession.

For the foregoing reasons, the Court will enter an order in accordance with this opinion.

## JUDGMENT

On June 28, 1989, this matter came before the Court on the Objections of David V. Adler, Trustee, and the Federal Savings and Loan Insurance Corporation to exemptions claimed by John and Arlene Mmahat. At the request of the parties, the hearing was continued without date pending the Debtors' filing of a revised list of exempt property. In accordance with the foregoing Memorandum Opinion,

IT IS ORDERED, ADJUDGED AND DECREED that the FSLIC's and the Trustee's objections to the exemption for "luxury" items, such as antique furniture, is DENIED.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the FSLIC's objection to the exemption of the contents of any room not specifically mentioned in La.R.S. 13:3881 is GRANTED.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the FSLIC's objection to the exemption of certain living room furniture is DENIED.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the FSLIC's objection to the exemption of the contents of more bedrooms than those necessary for use by family members is GRANTED.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the FSLIC's objection to the exemption of a home office as well as workplace offices is GRANTED.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the FSLIC's objection to the exemption of ex-

cessive amounts of office equipment as a tool of the trade is GRANTED.