**Cherie WARD**

v.

**Jean TURNER.**

**Civ. A. No. 92–2877.**

United States District Court,
E.D. Louisiana.

Feb. 3, 1993.

Cherie Ward, Houston, TX, pro se.

Robert A. Mathis, Newman, Drolla, Metairie, LA, for appellee.

MINUTE ENTRY

SEAR, Chief Judge.

### MEMORANDUM AND ORDER

*Background*

This matter is before me on appeal from the Bankruptcy Court of the Eastern District of Louisiana. The appeal arises from Judge Thomas Brahney's grant of summary judgment on the issue of exempt property, which served to deny debtor Cherie Ward of all her claims for exemption.

Debtor Ward originally filed a set of schedules at the beginning of her bankruptcy proceeding in which she claimed exemptions for many items of property under LSA–R.S. 13:3881. She later amended the schedules to include claims for other items that were auctioned to satisfy a lien that Ward owed on those items. The schedules of allegedly exempt items are quite voluminous, forming a stack of paper at least four inches thick. According to the trustee, Ward has filed over 200 pages in which she has claimed about 1,553 property items to be exempt. A careful scan of the schedules, in which Ward has listed items rang-ing from 18 cookie jars to 10 jewelry boxes to two entire china sets, reveals that most of the items are clearly out of the purview of 13:3881 exempt property.

Debtor Ward filed a Complaint in Bankruptcy Court to recognize all her claimed exemptions and to distribute the proceeds to her for any exempt items that were sold at the auction. In response, trustee Jean Turner filed a motion for summary judgment on this Complaint, asking that all the claimed exemptions be denied and no proceeds distributed. After a hearing, Judge Brahney granted the trustee's Motion and Ward appealed.

*Analysis*

The only property which qualifies as exempt in Louisiana is that which is specifically listed in LSA–R.S. 13:3881.[1] *See In re Mmahat*, 110 B.R. 236, 241 (Bankr. E.D.La.1990). It is clear from an inspection of debtor Ward's massive list of claimed exemptions that she has not made a good faith effort to claim only those items of property allowed by 13:3881. As noted by Judge Brahney, "[s]he has essentially claimed every exemption which *might* fit within the purview" of the Louisiana exemption statute. *See* Memorandum Opinion of Judge Brahney, at 8 (June 8, 1992) [hereinafter Memorandum Opinion].

The court in *In re Wright*, 99 B.R. 339 (Bankr.N.D.Tex.1989), also encountered a situation in which the debtor had made improper exemption claims. In that case the debtor had filed schedules for items he claimed to be exempt, but he had not been specific enough in indicating the items which he intended to claim as exempt. This lack of specificity made it impossible

---

1. Because Louisiana has "opted-out" of the exemptions allowed to debtors under federal bankruptcy law, *see* 11 U.S.C. § 522(b)(1), debtors in Louisiana are limited to those exemptions provided for by Louisiana in LSA–R.S. 13:3881, the relevant portion of which states:

  A. The following income or property of a debtor is exempt from seizure ...

  ....

  (2) That property necessary to the exercise of a trade, calling, or profession by which he earns his livelihood, which shall be limited to the following:

    (a) Tools.

    (b) Instruments.

    (c) Books.

  ....

    (4)(a) The clothing, bedding, linen, chinaware, non-sterling silverware, glassware, living room, bedroom, and dining room furniture, cooking stove, heating and cooling equipment, one noncommercial sewing machine, equipment for required therapy, kitchen utensils, pressing irons, washers, dryers, refrigerators, deep freezers, electric or otherwise, use by him or a member of his family;

    (b) The family portraits;

    (c) His arms and military accoutrements;

    (d) The musical instruments played or practiced on by him or a member of his family;

    (5) Any wedding or engagement rings worn by either spouse, provided the value of the ring does not exceed five thousand dollars.

for those challenging the claims to present meaningful objections. The court denied the debtor's exemptions because they were not properly claimed in good faith, but granted the debtor a period of time under Bankruptcy Rule 1009(a) in which to file an amended and correct schedule of exempt property.

█ It is similarly unfair in this case to require either the trustee or the Bankruptcy Court to wade through Ward's unduly lengthy exemption schedules in search of some items which may possibly qualify as exempt under the Louisiana statute. The schedules as they now stand are clearly too voluminous to have been made in a good faith attempt to comply with 13:3881, and neither the trustee nor the court should be expected to address all the items claimed by Ward as exempt. Thus, debtor Ward's current claims for exemption should be denied.

█ Despite the fact that Ward's current exemption schedules are unsatisfactory, it may be necessary to allow her a reasonable opportunity to amend her schedules to claim only those items with a realistic chance of qualifying for exempt status under LSA–R.S. 13:3881. However, any amendment Ward may make to her exemption schedules must comply with the bankruptcy rules before it will be permitted. Bankruptcy Rule 1009(a) states that a schedule "may be amended by the debtor as a matter of course at any time before the case is closed." The Fifth Circuit has adopted the standard of the Eleventh Circuit in interpreting this rule allowing for amendments to petitions. In *In re Williamson*, 804 F.2d 1355 (5th Cir.1986) (citing *In re Doan*, 672 F.2d 831 (11th Cir. 1982)), the court held that Rule 1009 denies courts discretion to withhold leave to amend, except in cases where there is a showing of the debtor's bad faith or of prejudice to creditors. *Id.* at 1358; *see also In re Baker*, 71 B.R. 312 (Bankr. W.D.La.1987) (allowing amended exemption schedules prior to substantial administration of estate).

█ In determining whether amendments to exemption claims are proper, the *Williamson* court specifically noted that the only relevant prejudice to creditors is harm to their litigating posture from reliance on the debtor's initial exemption claims:

[p]rejudice to the creditor's legal or equitable position does not occur merely because an amendment, if properly allowed, permits the debtor to assert a claim that ultimately prevails on the merits.

*In re Williamson*, 804 F.2d at 1358. Furthermore, merely allowing a debtor leave to amend his or her exemption schedules does not establish that the property being claimed is in fact exempt; the bankruptcy court must still determine the debtor's entitlement to those exemptions. *See In re Huizar*, 71 B.R. 826, 829 (Bankr.W.D.Tex. 1987).

█ If Judge Brahney should determine that any amendments submitted by debtor Ward are admissible and Ward decides to offer a revised schedule of exemption claims, Ward should be reminded of the purpose underlying the Louisiana statute allowing for bankruptcy exemptions:

to provide for the subsistence, welfare, and fresh start of a debtor to the end that his family will not be destitute and to the end that the debtor will not become a charge on the state.

*In re Hendrick*, 45 B.R. 965, 972 (Bankr. M.D.La.1985). To further this purpose, Louisiana bankruptcy courts have disallowed claimed exemptions for property whose value is mostly "artistic," "ornamental" or "related to prestige and status." *See, e.g., id.* Further, debtor Ward should be admonished not to bring a claim for every item of property she owns which *might* qualify as exempt. As properly noted by the Bankruptcy Court, a debtor is not entitled to exemptions for all the furnishings of his or her home, nor all the utensils in his or her kitchen. *See In re Mmahat*, 110 B.R. at 241. Neither can a debtor successfully claim as exempt the entire contents of his or her office. *See id.* at 243. Finally, Ward should refrain from making claims for multiple items with the same function, as she has done in the past. Claims for more items than necessary do

not satisfy the purpose of Louisiana's exemption statute, and they will not further debtor's cause. In fact, any superfluous claims made by debtor Ward will undoubtedly leave the Bankruptcy Court with less time to consider Ward's more meritorious claims.

Ward's exemption claims indicate an attempt by Ward to keep all of her belongings, despite the clear statutory language of 13:3881 to the contrary. Ward cannot have her cake and eat it too. She has voluntarily filed for bankruptcy, and must now be content with retaining only those items of property she is allowed to keep under the law.

Accordingly,

IT IS ORDERED that the above proceeding is REMANDED to the Bankruptcy Court for the purpose of determining whether an amendment to debtor Ward's exemption schedules is permissible under Bankruptcy Rule 1009(a).