Cherie WARD

v.

Jean O. TURNER.

Civ. A. No. 93–3429.

United States District Court, E.D. Louisiana.

Dec. 27, 1994.

Roger H. Broach, Houston, TX, for Cherie Ward, appellant.

Robert A. Mathis, Newman, Mathis, Brady, Wakefield & Spedale, Metairie, LA, for Jean O. Turner, Trustee.

## MEMORANDUM AND ORDER AFFIRMING DETERMINATION OF BANKRUPTCY COURT

VANCE, District Judge.

This matter is before the Court on debtor Cherie Ward's appeal from the bankruptcy court's order denying debtor leave to amend her exemption schedules. The appeal was set for hearing on Wednesday, November 23, 1994, but was submitted on the briefs. For the reasons stated herein, the order of the bankruptcy court is hereby AFFIRMED.

## I. BACKGROUND

This is the debtor's second appeal from the bankruptcy court. On her first appeal, debtor challenged the propriety of the bankruptcy court's order granting summary judgment in favor of the trustee on the issue of exempt property. The District Court issued a written opinion affirming the bankruptcy court's decision. In its opinion, the District Court concluded that debtor's claimed exemptions were not made in good faith and that neither the trustee nor the bankruptcy court could be expected to address the propriety of the over 1,000 pieces of property claimed as exempt. The District Court then remanded the case to the bankruptcy court for the sole purpose of "determining whether an amendment to debtor Ward's exemption schedules is permissible under Bankruptcy Rule 1009(a). *See Ward v. Turner,* 150 B.R. 378, 380 (E.D.La.1993).

On remand, debtor abandoned her claim for exemptions under Louisiana law. Instead, debtor argued that she was entitled to amend her schedules to claim exemptions under Texas law. *In re Cherie Ward,* No. 89–1464B, Memorandum Opinion, at p. 3 & n. 1. (Bankr.Ct. July 12, 1993). The bankruptcy court denied the debtor leave to amend. In reaching its conclusion, the bankruptcy court acknowledged that debtors are generally allowed to amend their schedule of claimed exemptions at any time prior to the close of the case. The court, however, found that leave should not be granted because the debtor had acted in bad faith throughout the proceedings and the trustee and creditors would suffer "severe prejudice." The following findings of the bankruptcy court are especially noteworthy:

The record in this case is replete with evidence of the Debtor's bad faith. Most significantly, the Court denied the Debtor's discharge due to her intentional withholding from the Trustee of virtually all information relating to her property and financial affairs. The Debtor has also concealed assets from the Trustee, despite Court orders to the contrary. Regarding the claimed exemptions, the Debtor claimed only Louisiana exemptions from the time this case was originally filed on April 29, 1989, until after the judgment disallowing the exemptions. She amended her schedules, including her exemptions, in July of 1990 and again cited only to Louisiana exemptions.... Yet *only now* does the Debtor assert that her residence really was in Texas at the appropriate time and that she should be allowed to amend her schedules to claim Texas exemptions....

Furthermore, the Court finds that the Trustee and the creditors of this estate would be prejudiced if the debtor is al-

lowed to amend her exemptions at this time. . . . During this litigation, the Trustee and the creditors were relying on the Debtor's exemptions as they were asserted in her schedules and subsequent amendments. The exemption issue was heavily litigated, as has been the routine during the course of this bankruptcy proceeding, and much of the proceeds from the property claimed as exempt were used in connection with this litigation. In this Court's opinion, it is obvious that severe prejudice will result to the Trustee's position, and consequently to the unsecured creditors' recovery, if this issue must be re-litigated at this late date applying Texas exemptions.

*Id.* at p. 3–4.

In her brief, debtor Ward reasserts four challenges to the bankruptcy court's order granting summary judgment. Specifically, she contends that the bankruptcy court erred in holding that property placed in storage could not be claimed as exempt under Louisiana law, that Louisiana law governed the status of proceeds from the sale of exempt property, and that La.Rev.Stat. 13:3881(B)(3) could not be retroactively applied to her petition. Debtor further contends that she did not receive adequate notice of the summary judgment motion. As to the bankruptcy court's order denying debtor leave to amend her exemption schedule, she argues that there is no evidence of bad faith or prejudice and that leave was improvidently withheld.

## II. DISCUSSION

■ Under the "law of the case" doctrine, the questions considered by the court on the debtor's first appeal may not be reexamined on a subsequent appeal. *See Conway v. Chemical Leaman Tank Lines, Inc.*, 644 F.2d 1059, 1061–62 (5th Cir. Unit A 1981). This is true "even if the prior appellate decision did not explicitly discuss the issues, . . . [but] the appellate decree necessarily or implicitly resolved them adversely to the party now seeking to reurge them." *Id.* The "law of the case" doctrine does not, on the other hand, preclude consideration of issues presented but left undecided. *See id.;*

*Lehrman v. Gulf Oil Corp.*, 500 F.2d 659, 662–63 (5th Cir.1974).

In the present appeal, debtor reurges the very same arguments against the bankruptcy court's order granting summary judgment as she did in her first appeal. If debtor's challenge had had merit, the District Court would have been obligated to reverse the bankruptcy court's order granting summary judgment. Consequently, by affirming the order, the District Court necessarily resolved the issues raised by debtor's challenges to the bankruptcy court. The following issues are, therefore, not properly before the Court: (1) whether property placed in storage may not be claimed as exempt under Louisiana law; (2) whether Louisiana law determined the status of proceeds from the sale of exempt property; (3) whether La.Rev.Stat. 13:3881(B)(3) did not have retroactive application to her petition; and (4) whether debtor received adequate notice of the summary judgment motion.

■ The sole issue left for this Court's consideration is whether the bankruptcy court erred in denying Ward leave to amend her exemption schedules. The Court reviews the Bankruptcy Court's order under an abuse of discretion standard. *In re Williamson*, 804 F.2d 1355, 1358 (5th Cir.1986). Bankruptcy Rule 1009 provides that a voluntary petition, schedule, or statement of financial affairs may be amended by the debtor as a matter of course at any time before the case is closed. *Id.* The Fifth Circuit has interpreted Rule 1009 to limit a court's discretion to deny leave to amend to those instances where there is a showing of the debtor's bad faith or of prejudice to the creditors. *Id.*

■ Here, the Bankruptcy Court denied leave based on its findings that the debtor had acted in bad faith and because granting leave would prejudice the creditors. The court's bad faith determination is a factual finding that can be overturned only if it is clearly erroneous. *In re Haber Oil Co.*, 12 F.3d 426, 434 (5th Cir.1994). This Court finds ample evidence in the record to support the bankruptcy court's determination. Indeed, the debtor's bad faith was a recurring theme in the proceedings before the bank-

ruptcy court. The bankruptcy court, for example, refused to discharge the debtor because she intentionally withheld financial information and concealed assets from the court and trustee.[1] Debtor contends that she did not withhold financial information, but merely failed to maintain adequate financial records. The distinction is meaningless where, as here, debtor was under an obligation to maintain such records.

It is also relevant that debtor's bad faith extended to her exemption filings. In her exemption schedule, debtor claimed that approximately 1,553 property items were exempt under Louisiana law. As the District Court observed on debtor's first appeal, "the schedules ... are clearly too voluminous to have been made in a good-faith effort to comply with 13:3881." *See Ward v. Turner,* 150 B.R. 378, 380 (E.D.La.1993). On remand, the debtor abandoned her claim for property exemptions under Louisiana law, asserted that she was a resident of Texas at the time her petition was filed, and sought leave to claim exemptions under Texas law. Debtor, however, failed to offer any explanation for why she waited over three years to propose these amendments. Given the length of the delay, the absence of such an explanation is further indicative of debtor's bad faith in this matter.

In view of the foregoing, the Court finds the bankruptcy court's conclusion that Ward has acted in bad faith is not clearly erroneous. Moreover, since bad faith is a sufficient basis upon which to deny leave to amend under Rule 1009, the Bankruptcy Court did not abuse its discretion.[2] Accordingly,

The Order of the Bankruptcy Court is AFFIRMED. The case is REMANDED to the Bankruptcy Court for further proceedings in accordance herewith.

---

1. According to the trustee, the discharge trial lasted over four days. The bankruptcy court's order denying debtor's discharge has been affirmed by the Fifth Circuit. *In re Ward,* 983 F.2d 1061 (5th Cir.1993).

2. The Court does not reach the issue of whether there would have been sufficient prejudice to the creditors to deny leave to amend.