**In re John M. ZENONE, Debtor.**

**No. 99–44146M.**

United States Bankruptcy Court,
E.D. Arkansas,
Western Division.

June 6, 2002.

C. Richard Crockett, Paul D. Budd, Madden Law Firm, John M. Zenone, pro se, Little Rock, AR, Robert Danecki, Danecki Law Firm, Little Rock, AR, for defendant.

David D. Coop, U.S. Bankruptcy Trustee, N. Little Rock, AR, trustee.

Grobmyer, Ramsay & Ross, Little Rock, AR, for James F. Dowden.

James F. Dowden, James F. Dowden, P.A. U.S. Bankruptcy Trustee, Little Rock, AR, trustee.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

The issue in this case is whether John M. Zenone ("Debtor") may amend his exemptions to include an IRA account not previously scheduled as exempt.

On September 10, 1999, the Debtor filed a voluntary petition for relief under the provisions of chapter 13 of the United States Bankruptcy Code. On December 27, 1999, the Debtor's former wife, Sherri Atha Burks ("Burks"), filed a motion to dismiss the case, which motion was heard by the Court on January 21, 2001. As a result of the hearing, an order was entered granting the motion to dismiss upon the condition that the Debtor be allowed to convert to chapter 7 within 20 days. On February 10, 2000, the case was converted to chapter 7 on motion of the Debtor, and James F. Dowden, Esq., was appointed Trustee.

The original Schedule I listed the Debtor's income at $3,200.00 per month from "Medlife." Filed in connection with the chapter 13 petition, the Debtor's original Schedule B, personal property, identified as an asset "Pension (IRA/401k) $17,000.00." (Schedule B, original petition, September 10, 1999.) Among the exemptions claimed were $2575.00 in value in a 1997 Land Rover Discovery automobile and a Metlife policy valued at $35,000.00. (February 7, 2002 Hr'g, Burks. Ex. 1, Schedule C, original petition.) The pension identified on Schedule B was not claimed as exempt. The Debtor amended Schedule B on September 29, 1999, describing the pension as "pension (IRA/401k). Former spouse to receive $17k (approx. $34,000.00 total)." (April 5, 2002 Hr'g, Burks Ex. 8, Amended Schedule B.)

On June 19, 2000, the Trustee filed a motion to sell free and clear of liens a 1971 Volkswagen and a 1997 Land Rover. On July 21, 2000, an order was entered granting the Trustee's motion.

On March 14, 2001, the Trustee filed a report of sale reflecting that the Trustee received a total of $14,000.00 net to the estate from the sale of the 1971 Volkswagen and 1997 Land Rover. On Septem-

ber 5, 2001, the Debtor received his discharge. On November 28, 2001, the Trustee filed his final report, and the Debtor and Burks filed objections to the report. The Debtor objected on the grounds that he had claimed an exemption in the Land Rover and the proceeds of an ERISA-qualified plan [1] and that the Trustee's final account did not propose to distribute the exempt property to the Debtor.

The Trustee's final report reflects that he received the following proceeds from liquidation of assets:

| | | |
|---|---|---|
| 1. | 1971 Volkswagen | $ 2,000.00 |
| 2. | 1997 Land Rover | $12,000.00 |
| 3. | Income Tax Refund | $ 3,771.05 |
| 4. | Fidelity Investments | $18,454.94 |

On January 29, 2002, the Debtor filed an amended Schedule C claim of exemption claiming $8,174.00 exempt out of the $18,454.94 received from Fidelity Investments and described on the Amended Schedule C as an IRA/401(k) fund. On February 7, 2002, the Debtor filed a second Amended Schedule C claim of exemption claiming the entire sum of $18,454.94 exempt pursuant to 11 U.S.C. § 522(d)(10).

The Trustee and Burks filed objections to the Debtor's two amended claims of exemption. A hearing was held on February 7, 2002, on the Debtor's and Burks' objections to the Trustee's final accounting, and on April 5, 2002, a hearing was held on the objections to the Debtor's amended claims of exemption. At the conclusion of the hearings, the matters were taken under advisement.

The proceedings before the Court are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A) (1994), and the Court has jurisdiction to enter a final judgment in this case.

## DISCUSSION

The material facts in this case are not in dispute. The Debtor's original schedules identified as an asset a pension characterized as an "IRA/401k" with a value of $17,000.00 as of the petition date of September 10, 1999. This asset was not originally claimed as exempt. The Debtor's amended Schedule B filed September 29, 1999, continued to describe the asset as an IRA/401(k) pension fund.

From information supplied by Burks, the Trustee later determined from the records of Fidelity Investment that as of January 22, 1999, the Debtor had two accounts, a general investment mutual fund valued at $14,602.10 and a mutual fund IRA valued at $16,880.68, for a total of $31,482.78.

The schedules valued the asset at $17,000.00. The Debtor acknowledged that after he amended schedules on September 29, 1999, he spent the difference between $31,482.78 and the $18,454.94 the Trustee obtained in September 2000. (Tr. at 44, April 5, 2002 Hr'g.) The Debtor testified that this was necessary because he had no income during this time.

The Debtor argues that Federal Rule of Bankruptcy Procedure 1009 permits an amendment to the schedule of exemptions at any time before the case is closed.[2] The Debtor also contends that the funds at issue are not property of the estate pursuant to section 541(c)(2) of the Bankruptcy Code and section 16–66–220(a)(1) of Ar-

---

1. According to the Court's file, the Debtor had not yet filed his amended claim of exemption claiming these proceeds when he objected to the final report.

2. See Federal Rule of Bankruptcy Procedure 1009(a): "General Right to amend. A voluntary petition ... [or] ... schedule ... may be amended by the debtor as a matter of course at any time before the case is closed."

kansas Code Annotated.[3] The Trustee and Burks argue that the Debtor should not be permitted to claim an exemption in the IRA because the Debtor is guilty of misconduct in connection with the case. They also state that the Debtor should not be allowed an exemption in the proceeds of the Land Rover on the basis of laches, waiver and estoppel. Burks further contends that the Debtor should not be allowed to claim an exemption in a $35,000.00 Metlife disability policy because the insurance company denied the Debtor's claim.

Many Courts have concluded that if the debtor has acted in bad faith in connection with the case or if prejudice to the creditors would result, the debtor's request to amend the claim of exemptions should be denied. *In re Sumerell,* 194 B.R. 818, 832 (Bankr.E.D.Tenn.1996)(citing *In re Yonikus,* 996 F.2d 866 (7th Cir.1993); *Stinson v. Williamson (In re Williamson),* 804 F.2d 1355 (5th Cir.1986); *Lucius v. McLemore,* 741 F.2d 125, 127 (6th Cir.1984); *Doan v. Hudgins (In re Doan),* 672 F.2d 831 (11th Cir.1982); *Magallanes v. Williams (In re Magallanes),* 96 B.R. 253 (9th Cir. BAP 1988); *Ward v. Turner,* 176 B.R. 424 (E.D.La.1994); *appeal dismissed,* 66 F.3d 322 (5th Cir.1995); *In re St. Angelo,* 189 B.R. 24 (Bankr.D.R.I.1995); *In re Fournier,* 169 B.R. 282 (Bankr.D.Conn. 1994)). *Accord, Mertz v. Rott,* 955 F.2d 596, 598 (8th Cir.1992) (holding nondisclosure of tax refund warranted denial of discharge even if refund would have been exempt).

Here, the Debtor, without Court authority or legal right, transferred post-petition more than $13,000.00 from the Fidelity account without asserting a claim of exemption. Now the Debtor seeks to amend his claim of exemption to exempt the balance of the funds in the Fidelity account. His conduct rises to the level of bad faith and could be grounds to revoke his discharge pursuant to 11 U.S.C. § 727(d)(2)(1994).

Furthermore, allowing an amendment to exemptions would be prejudicial to the creditors and Trustee who are now without a remedy to object to the Debtor's claim of exemption, pursuant to 11 U.S.C. § 522(c)(10).[4] *In re Yonikus,* 996 F.2d 866, 872 (7th Cir.1993)(stating that an amendment to a bankruptcy petition may be denied upon a showing of bad faith or prejudice to creditors) (citing *In re Doan,* 672 F.2d at 833).

Therefore, the objections to the Debtor's amended claims of exemptions are sustained, and the Debtor's amendments will not be permitted. Burks' objection to the claim of exemption in proceeds from a Metlife insurance policy is moot because the Debtor's claim to the funds was denied, and there are no proceeds to exempt. The objections to the Trustee's final account are sustained by agreement. The Trustee will amend his final account to permit the Debtor's original claim of exemption in $2575.00 of the proceeds of the sale of the Land Rover automobile.

IT IS SO ORDERED.

---

**3.** The Court cannot resolve the issue of whether the funds are excluded from property of the estate because the record is devoid of evidence demonstrating that the funds are subject to restrictions on transfer by Ark.Code Ann. § 16–66–220(a)(1) or other nonbankruptcy law.

**4.** For example, the Trustee and creditors could argue that had the Debtor not spent funds from his investment account, those funds would have been sufficient for his support and that an exemption in the remaining funds was not reasonably necessary for the support of the Debtor and his dependents.